**In re Edith BLOOM, M.D., Debtor.**

**William A. GOICHMAN,**
**Plaintiff–Appellant,**

v.

**Edith BLOOM, M.D.,**
**Defendant–Appellee.**

No. 88–5956.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1989.

Decided May 15, 1989.

William A. Goichman, Encino, Cal., for plaintiff-appellant.

Richard M. Moneymaker, Moneymaker & Kelley, Los Angeles, Cal., for defendant-appellee.

Before WALLACE, FARRIS and BEEZER, Circuit Judges.

## OPINION

BEEZER, Circuit Judge:

William Goichman appeals an award of compensatory damages, attorney's fees, and punitive damages under 11 U.S.C. § 362(h). Section 362(h)[1] has received almost no scrutiny in our published opinions. We affirm in part, and remand for determination of the rate of interest.

### FACTS

Goichman, Edith Bloom, and others invested money in a series of limited partnerships that failed. Litigation in state and federal courts resulted in a consent decree under which Bloom was obligated to pay the first $70,000 of any liability found against Goichman as a result of certain transactions. Goichman executed a levy on Bloom's salary. Bloom filed a claim of exemption in federal district court; the matter was referred to a magistrate. A hearing was set and Goichman noticed a deposition of Bloom. Bloom failed to attend the deposition. Between the date no-

ticed for deposition and the date set for the exemption hearing, Bloom filed her bankruptcy petition. Goichman was scheduled as a creditor and attended the bankruptcy court examinations.

After he was notified of Bloom's bankruptcy petition, Goichman attended the hearing on Bloom's pending claim of exemption. Bloom did not attend and was not represented at any of the nonbankruptcy hearings. Bloom's claim was dismissed and $16,000 was paid over to Goichman.

Goichman then filed a motion in the district court asking that Bloom be found in contempt and for specific relief. The district court ordered Bloom to convey partnership assets to Goichman as security for his prebankruptcy-petition judgment. The district judge also told Goichman she would fine Bloom $500 for contempt due to Bloom's failure to attend depositions. The district court made a minute entry of the fine and asked Goichman to contact Bloom's counsel. The fine, however, was not included in the final written order.

Bloom subsequently moved against Goichman in bankruptcy court for violation of the automatic stay. Goichman responded by filing a motion in the district court asking that court to withdraw the reference. Meanwhile, as part of the administration of Bloom's bankruptcy proceedings, the bankruptcy court partially upheld Bloom's claim of exemption and awarded her title to $8,250 of the funds that the federal magistrate had ordered be paid over to Goichman.[2]

In sum, two separate proceedings form the factual basis for this appeal. In the federal district court, and before a magistrate, Goichman obtained a levy on Bloom's salary, obtained security on a consent decree, received a minute entry—but not a written order—holding Bloom in contempt, and filed a motion to withdraw the reference. In bankruptcy court, Bloom filed a petition for bankruptcy, won a partial claim

---

1. "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

2. It appears from the record that Goichman has not yet returned this money to Bloom.

of exemption from the levy on her salary, and sued Goichman for violation of the automatic stay.

Bloom prevailed on her complaint against Goichman in bankruptcy court. Specifically, it found that Goichman "willfully and contumaciously" violated the automatic stay provisions of 11 U.S.C. § 362 and awarded compensatory damages, attorney's fees, and punitive damages. Goichman appealed to the district court, which adopted the findings of the bankruptcy court. Goichman now appeals to this court.

DISCUSSION

A

Goichman contends that moving to hold Bloom in contempt and attending the hearing did not violate the automatic stay provision of the Bankruptcy Code. He relies primarily on *David v. Hooker, Ltd.,* which concluded

> despite filing of the bankruptcy petition and the broad language of [the automatic stay rule], it was entirely consistent for the trial court to grant a stay of the principal proceedings but to continue to order the [defendant] to comply with a prior discovery order.... Pursuant to that limited continuation of a collateral aspect of litigation, it was also within the trial judge's power to consider whether the defendant and its agent were in contempt of court....

560 F.2d 412, 418 (9th Cir.1977).

*Hooker* does not offer ironclad protection to Goichman. The automatic stay is intended to give "the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions" S.Rep. No. 989, 95th Cong., 2d Sess. 54, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5840. Thus, if Goichman filed the contempt motion with

the purpose of securing assets protected by the stay or harassing Bloom, he is not protected.

The bankruptcy court did not make a specific finding that Goichman was attempting to harass Bloom. Goichman's motion, however, was not merely a motion to hold Bloom in contempt. Among other things, Goichman moved to appoint a receiver for Bloom's estate, to order Bloom to comply with the prebankruptcy consent decree, to strike Bloom's claim of exemption, and to order transfer of certain Florida properties to himself. On its face, the motion patently violates the spirit and letter of section 362. *See Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n.,* 804 F.2d 1487, 1491 (9th Cir.1986), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987).

Goichman offers only two arguments concerning the filing of the motion.[3] The first is that Bloom never showed that the Florida properties were involved in the bankruptcy proceedings. *See Augustino Enters., Inc. v. Amgro, Inc. (In re Augustino Enters., Inc.),* 13 B.R. 210, 212 (Bankr.D.Mass.1981) (Debtor has burden of proof of showing that violation of stay was intended to affect property involved in bankruptcy proceeding.). The second is that the bankruptcy judge erred in finding that he "falsely" notified Bloom that the district court had decided to impose a fine for contempt. The record clearly indicates that the court did just that, and also that it asked Goichman to notify Bloom.

■ Nonetheless, there are at least three actions[4] Goichman does not attempt to defend: the motion to compel Bloom to comply with the prebankruptcy consent decree, the motion to strike Bloom's claim of exemption, and the separately filed motion to withdraw the reference. These three acts alone support the bankruptcy court's find-

---

**3.** Goichman also justifies filing the motion with the rather disingenuous argument that the district court retained jurisdiction. This is no justification at all. While it is true that the automatic stay does not revoke jurisdiction, *Hooker,* 560 F.2d at 418, it is equally true that "actions taken in violation of the automatic stay are void," *Sambo's Restaurants, Inc. v. Wheeler (In re Sam-*

*bo's Restaurants, Inc.),* 754 F.2d 811, 816 (9th Cir.1985). Acceptance of Goichman's unsupported argument would gut section 362.

**4.** Neither the bankruptcy court nor Bloom discuss Goichman's motion to appoint a receiver for Bloom's estate.

ing that Goichman violated section 362. Thus, there was no error.

## B

Goichman argues that the evidence is not sufficient to support a finding that he "deliberately misled" the magistrate during the hearing on Bloom's claim of exemption. He points out that the only testimony on this point was given by Bloom's bankruptcy attorney, who did not attend either of the hearings.

Factual findings by the bankruptcy court are reviewed for clear error. *Joseph F. Sanson Investment Co. v. 268 Ltd. (In re 268 Ltd.)*, 789 F.2d 674, 677 (9th Cir.1986). Goichman admitted to briefing the court on the issue of automatic stays, was found to use outdated authority, and explains much of his filing to the district court as "typographical errors" or "legalese." Although it is a close question, we defer to the factfinder. There was no clear error.

█ Goichman also contends that the evidence does not indicate that he willfully violated section 362. This circuit has not defined "willful" as it is used in subsection (h). A useful definition, which we now adopt, was provided by the bankruptcy court for the district of the District of Columbia:

A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

*INSLAW, Inc. v. United States (In re INSLAW, Inc.)*, 83 B.R. 89, 165 (Bankr.D.D.C. 1988). Goichman's actions clearly satisfy this definition of willful.

Goichman's final argument—that the actions were taken by the court rather than himself—is easily discounted. In the first place, Goichman filed the motion. In the second, the authorities offered by Goichman all refer to instances in which the party did not know of the petition for bankruptcy. *See In re Raymond Constr. Co. of Florida*, 6 B.R. 793, 796 (Bankr.M.D.Fla. 1980); *Abt v. Household Finance Co. (In re Abt)*, 2 B.R. 323, 325 (Bankr.E.D.Pa. 1980). Goichman, who knew of the bankruptcy petition, cannot rely on these cases.

## C

Goichman disputes the assessment of damages. He first contends that the district court erred in allowing Bloom to amend her complaint to conform with the evidence. Goichman argues that the only damages that should be assessed are those stated in Bloom's initial complaint.

We have held that "[i]n the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim." *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants)*, 754 F.2d 811, 816 (9th Cir.1985).

Goichman was not prejudiced. A reading of the transcript indicates that, at a minimum, he was noticed as to the dispute over the claim of exemption. It was Goichman's choice to ignore Bloom's allegations concerning the claim of exemption.

Goichman disputes the award of attorney's fees. The bankruptcy court determined the amount through the testimony of Bloom's bankruptcy counsel. He testified as to his retainer agreement with Bloom, the number of hours he worked, and the resulting amount paid to him by Bloom. The bankruptcy court accepted that amount as the actual damages sustained by Bloom. Our review of the record indicates that Goichman presented no evidence showing these damages to be excessive. Accordingly, the damages fixed by the district court are supported by the evidence and we shall not set aside the district court's finding.

Goichman also faults the awarding of punitive damages. His argument is a variation of the sufficiency argument that has been dealt with in section B above. Goich-

man contends that even if the evidence supports a finding that he violated the automatic stay, it does not support a finding of the higher state of mind that he argues must be the standard for imposition of punitive damages.

 Goichman's argument concerning the necessity of a higher state of mind standard has merit. *See Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 903–04 (Bankr.E.D.Pa.1987). Subsection (h) specifically directs courts to grant punitive damages "in appropriate circumstances." We have traditionally been reluctant to grant punitive damages absent some showing of reckless or callous disregard for the law or rights of others. *See Protectus Alpha Navigation Co. v. North Pacific Grain Growers, Inc.*, 767 F.2d 1379, 1385 (9th Cir.1985).

Even under an elevated standard, however, the bankruptcy court's findings are not clearly erroneous. Goichman made numerous filings and representations after being warned by Bloom's counsel that he was violating the automatic stay. Goichman blatantly attempted to circumvent the jurisdiction of the bankruptcy court by filing a motion to withdraw the reference. Goichman had great difficulty explaining his actions to the bankruptcy court.

### D

Finally, Goichman criticizes the bankruptcy court for applying a flat ten percent interest rate on the awarded damages. 28 U.S.C. § 1961 instructs courts to set interest accrued after judgment by using the fifty-two week Treasury bill rate. We have previously held that this rate shall also be used to calculate prejudgment interest "unless the equities of a particular case demand a different rate." *Columbia Brick Works, Inc. v. Royal Ins. Co.*, 768 F.2d 1066, 1071 (9th Cir.1985). There is no indication in this case of how the interest rate was determined. Accordingly, we remand for determination of the proper interest rate.

AFFIRMED in part, REMANDED in part.

Each party shall bear its own costs.