## In re ATLANTIC BUSINESS AND COMMUNITY CORPORATION, a Corporation of the State of New Jersey, Debtor.

## James CUFFEE

v.

## ATLANTIC BUSINESS AND COMMUNITY DEVELOPMENT CORPORATION, a Corporation of the State of New Jersey.

### Appeal of James E. CUFFEE.

### No. 89–5812.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 26, 1990.

Decided April 18, 1990.

Eugene T. McTague, Jr., David W. MacGregor, Proskauer, Rose, Goetz & Mendelsohn, Clifton, N.J., for appellant.

Nona L. Ostrove, Subranni & Ostrove, Atlantic City, N.J., for appellee.

Before HIGGINBOTHAM, Chief Judge, and HUTCHINSON and COWEN, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

Appellant, James E. Cuffee ("Cuffee"), appeals from an order of the district court which affirmed a determination of the bankruptcy court that he violated the automatic stay provision of 11 U.S.C. § 362(a)(3) (1988), held him in contempt, and assessed punitive and compensatory damages under Section 362(h). The district court held that appellee's tenancy at sufferance created a property interest protected by Section 362 of the Bankruptcy Code. The district court also held that Cuffee's actions in regard to damages under Section 362(h) were properly assessed for willful violation of the automatic stay. We agree with these conclusions and will affirm the decision of the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1982).

### I.

On May 15, 1986, the debtor-appellee, Atlantic Business Community Development Corporation ("ABCD") filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Code. Following ABCD's filing of its petition in bankruptcy, it continued to operate a radio station in Atlantic City, New Jersey, known as WUSS–AM. Cuffee was the owner of the building, studio equipment, office furnishings and record albums used by ABCD in its business. ABCD originally entered into possession of the premises and equipment with Cuffee's permission. ABCD's trustee in bankruptcy appointed a custodian for the property, Kevin Hall ("Hall").

In April of 1988, Cuffee had a letter delivered to Hall which stated in pertinent part: "This is to advise you that effective immediately radio station WUSS can no longer use the premises located at 1500 Absecon Boulevard, Atlantic City, New Jersey 08401 or the transmitter for its operations." App. at 43a. Thereafter; Cuffee tried to repossess the radio station and to evict ABCD from the premises. For example, he installed locks on the doors of the studio during the early hours of the morning while station personnel were on the premises.

As a result of these actions, the trustee filed an order requiring Cuffee to show cause why he should not be held in contempt for violating the automatic stay provision. On April 27, 1988, the bankruptcy court entered an order restraining Cuffee

from further interference with the operation of the radio station and ordering him to allow the trustee free access to the studio. Even in the face of this order, Cuffee continued his efforts to take possession of the radio station and transmitter. Station personnel discovered larger locks on the door to the studio. Cuffee also threatened to secure the studio with station personnel in it if the premises were not vacated.

In his own testimony Cuffee admitted to these actions, but claimed they were justified because of his concern over the safety and security of the studio, and an alleged lack of insurance coverage by the bankruptcy estate. Because of the disturbance caused by Cuffee, the trustee ordered station personnel to cease broadcast operations in order to prevent any risk of injury. The trustee claimed that as a result of being forced off the air, the debtor lost approximately $8,600.00 in commercial revenues.

Because Cuffee placed additional locks on the studio, the bankruptcy court found that Cuffee had violated the automatic stay provisions of Section 362 of the Bankruptcy Code. The court further found that Cuffee had acted willfully, and assessed compensatory damages of $1,500.00 for lost advertising revenue, and punitive damages of $5,000.00 based on a finding that Cuffee "acted with willfulness and wantonness in effectuating a lockout of the station." App. at 53a–57a. The court also awarded attorney's fees and costs.

On appeal, the district court affirmed the judgment of the bankruptcy court. Cuffee now appeals to this Court. The district court's conclusions of law are subject to plenary review by this Court. We review findings of fact under the clearly erroneous standard. Fed.R.Civ.P. 52(a).

## II.

### A.

■ Cuffee argues on this appeal that since ABCD was a mere tenant at sufferance, Cuffee's termination of that tenancy should not constitute a violation of the automatic stay under Section 362 of the Bankruptcy Code. The threshold issue in this case is whether the interest of the debtor in the radio station and transmitter, even under a tenancy at sufferance, constitutes a protected property interest under Section 362.

Subsection 362(a)(3) provides that the filing of a Chapter 11 petition operates as a stay of "[a]ny act to obtain possession of property of the estate or of property from the estate...." 11 U.S.C. § 362(a)(3) (1988). The scope of the automatic stay is undeniably broad.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions.... The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally.

H.R.Rep. No. 595, 95th Cong., 2d Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 6296. The term "property of the estate" is defined in 11 U.S.C. § 541 (1988), which provides in pertinent part that the estate is comprised of "... all legal and equitable interests of the debtor in property as of the commencement of the case." *Id.* § 541(a)(1). The legislative history relates that the intended scope of this section is broad. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1988). "It includes all kinds of property, ... tangible or intangible...." H.R. Rep. 595, 95th Cong., 1st Sess. 367 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6323.

Cuffee argues that ABCD's access to and opportunity to use the subject equipment, property, and premises is not a protectable property interest as defined by

Section 541 and protected by Section 362 of the Bankruptcy Code. Although the issue before us has not previously been addressed by this circuit, the United States Court of Appeals for the Second Circuit in *In Re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 430 (2d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988), has held that "mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger protection of the automatic stay." *See also Matter of Gsvc Restaurant Corp.*, 3 B.R. 491, 494 (Bankr.S.D.N.Y.), *aff'd*, 10 B.R. 300 (S.D.N.Y.1980).

In *48th St. Steakhouse*, the debtor purchased a restaurant business named Charley O's. Charley O's leased the premises from the creditor. Thereafter, the creditor entered into a new lease with the debtor. The debtor then assigned its lease of the premises to I.S.H. Liquidating Corp., an affiliate of Charley O's. The debtor remained in continuous possession of the premises and paid rent directly to the creditor, until it filed a Chapter 11 bankruptcy petition. The creditor sent a notice of default to I.S.H. which stated that if the rent was not paid within five days, the creditor would terminate the lease. The Court held that: "The 48th Street lease constituted property of the bankrupt estate under 11 U.S.C. § 541, and therefore, the creditor's attempt to terminate the lease as to I.S.H. violated the debtor's right to an automatic stay of 'any act to obtain possession of property of the estate.' 11 U.S.C. § 362(a)(3)." *48th St. Steakhouse*, 835 F.2d at 2129.

We join with the Court of Appeals for the Second Circuit in holding that a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362. *See In re 48th St. Steakhouse*, 61 B.R. 182, 187 (S.D. N.Y.1986), *aff'd*, 835 F.2d 427 (2d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). *Accord In Re Turbowind, Inc.*, 42 B.R. 579, 585 (Bankr.S.D.

Cal.1984); *Matter of Marcott*, 30 B.R. 633, 636 (Bankr.W.D.Wis.1983).

Applying the above principles to the facts of this case, we hold that a debtor's possession of a tenancy at sufferance creates a property interest as defined under Section 541, and is protected by Section 362 of the Bankruptcy Code.[1] The language of Section 362 makes clear that mere possession of property at the time of filing is sufficient to invoke the protections of the automatic stay. The record reveals that at the time of filing the Chapter 11 petition the debtor was effectively in possession of the radio station and transmitter with Cuffee's permission, and therefore had an interest in property protected by section 362(a)(3). Cuffee took measures to evict ABCD from the premises by locking its employees out. Because ABCD's possession of property, even under a tenancy at sufferance, is an interest protected by Section 362(a)(3), we agree with the district court that the actions taken by Cuffee violated the automatic stay provisions of Section 362(a)(3) of the Bankruptcy Code.

## B.

■ The debtor seeks sanctions under Section 362(h) for Cuffee's violation of the automatic stay. Cuffee argues that, even if this Court were to hold that he violated the automatic stay, his actions were not done in bad faith and should not be the basis for an assessment of compensatory damages, punitive damages, and attorney's fees and costs. Section 362(h) of the Bankruptcy Code provides that "[a]n individual injured by any *willful* violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (1988) (emphasis added). Section 362(h) requires a finding of a *willful* violation of the stay. Cuffee contends that his actions were not willful within the meaning

---

**1.** For the purpose of this appeal, we accept the contention of the parties that ABCD was a tenant at sufferance.

of Section 362(h).[2] Cuffee's position is untenable given the actions which he engaged in to evict his tenant.

Although Section 362(h) refers to an individual, the section has uniformly been held to be applicable to a corporate debtor. *See Budget Service Co. v. Better Homes of Va.*, 804 F.2d 289, 292 (4th Cir.1986). This court has not previously defined "willful" as it is used in subsection (h). A useful definition, with which we agree, was enunciated by the United States Court of Appeals for the Ninth Circuit in *In Re Bloom*, 875 F.2d 224, 227 (9th Cir.1989). In *In Re Bloom*, the Court held that:

> A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded.

*In Re Bloom*, 875 F.2d at 227 [quoting *INSLAW, Inc. v. United States*, 83 B.R. 89, 165 (Bankr.D.D.C.1988).] *See also Budget Service Co. v. Better Homes of Va.*, 804 F.2d 289, 290 (4th Cir.1986) ("Sanctions were properly assessed against lessor for willful violation of automatic stay, based on ample evidence to support conclusion that lessor knew of pending petition and intentionally attempted to repossess vehicles in spite of it."). The bankruptcy courts have construed "willful" as used in the code to mean an intentional or deliberate act done with knowledge that the act is in violation of the stay. *See In Re Tel–A–Communications Consultants, Inc.*, 50 B.R. 250, 254 (Bankr.D.Conn.1985); *In Re Forty–Eight Insulations, Inc.*, 54 B.R. 905, 909 (Bankr.N.D.Ill.1985). Punitive damages may also be awarded where the conduct was in bad faith.

Cuffee's actions clearly satisfy our definition of willful. Notwithstanding Cuffee's

claim that he acted in good faith, there is ample evidence to support the conclusion that he acted intentionally and with knowledge of the automatic stay as a result of the pending bankruptcy proceedings. Cuffee took affirmative action to prevent ABCD from gaining access to the studio property, causing a cessation in operations and a loss of advertising revenue. Even after the bankruptcy court entered an order restraining Cuffee from further interference with the operations of the radio station, he continued efforts to take possession of the radio station and transmitter. The finding of fact that Cuffee willfully violated the automatic stay so as to warrant the imposition of punitive damages, attorney's fees and costs was not clearly erroneous.

## III.

The order of the district court will be affirmed in all respects. Costs taxed against appellant.

---

**2.** As a preliminary matter it should be noted that Cuffee does not contest the district court's finding that the bankruptcy estate was harmed as a result of his action. Thus, the first requirement for the award of damages under Section 362(h) has been met.