**In re MICRO MARKETING INTERNATIONAL, INC., Debtor.**

**NEW MMI CORP., Plaintiff,**

**v.**

**ROBEC, INC., Defendant.**

**Bankruptcy No. 5–90–00868.**
**Adv. No. 5–91–0066.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Oct. 8, 1992.

Robin A. Read, Williamsport, PA, for plaintiff.

Eric S. Goldberg, Lansdale, PA, for defendant.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

This matter was originally heard by my predecessor, the Honorable Thomas C. Gibbons, on December 12, 1991. By a "Consent to Adjudication" executed by both parties, the right to a rehearing on the issue was waived and this Court was requested to render a decision based on the current state of the record.

The Plaintiff, New MMI Corporation, (hereinafter "Plaintiff") seeks an injunction against the Defendant, Robec, (hereinafter "Defendant") together with sanctions under 11 U.S.C. Section 362(h), by reason of what it alleges is the Defendant's "deliberate violation of the automatic stay provision of the Bankruptcy Code".

The Plaintiff alleges that on or about December 20, 1990, Robec filed a lawsuit against the above captioned Debtor, Micro Marketing International Inc. (hereinafter "MMI") and the Plaintiff alleging that a transfer of assets from MMI to the Plaintiff represented (1) a violation of the Pennsylvania Bulk Transfer Act, now known as Article 6 of the Uniform Commercial Code of Pennsylvania, 13 Pa.Cons.Stat. § 6101–6111, (2) a breach of contract (3) a fraud, (4) a "de facto" merger (5) a wrongful conspiracy and (6) which required punitive damages.

MMI was the subject of an involuntary bankruptcy filed on August 17, 1990 and on September 21, 1990 MMI was adjudicated a debtor and converted the petition to one under Chapter 11.

In its response to the Plaintiff's complaint, the Defendant alleges that it was unaware of the bankruptcy filing of MMI at the time it commenced its lawsuit on December 20, 1990 and accordingly it would drop MMI as a party. Nevertheless, the Defendant maintains that "Robec's action in State Court does not involve any assets belonging to MMI. Rather, Robec's State Court action involves assets belonging to New MMI, an entirely different entity from MMI. Additionally, New MMI is not in bankruptcy and any judgement obtained against New MMI has no impact upon MMI." Defendant's Answer, Paragraph 43.

11 U.S.C. Section 362(a)(3) indicates that the petition in bankruptcy operates as a Stay, applicable, to all entities of, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate".

█ The threshold question is whether this cause of action being prosecuted by the Defendant against the Plaintiff represents "property of the estate".

11 U.S.C. Section 541(a)(1) defines property of the estate as "all legal or equitable interest of the Debtor in property as of the commencement of the case".

11 U.S.C. Section 544(b) indicates that the trustee may avoid any transfer of an interest of the Debtor that is voidable under applicable law by a creditor holding an unsecured claim.

Although our Circuit has not as yet addressed this specific issue some guidance can be found from Bankruptcy Service, L.Ed. Section 5A:51 which reads as follows:

"... An action to avoid or recover a fraudulent transfer is essentially one for property that belongs to the Debtor in which the Debtor has fraudulently transferred to a third party in an effort to put such property out of the reach of creditors; therefore, the automatic stay applies to such a cause of action and prevents a creditor from pursuing such an action against a third party."

The claim of the Defendant that the action against the Plaintiff has no impact upon MMI is clearly incorrect because the Defendant is asking that funds be transferred to it—funds that would otherwise go to the bankruptcy estate and be distributed pursuant to the Bankruptcy Code.

■ Having concluded that the litigation by the Defendant against the Plaintiff is a violation of the automatic stay initiated without permission of the Bankruptcy Court, we must next address whether Sanctions are in order under 11 U.S.C. Section 362(h) which reads as follows:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages.

This Court is satisfied, upon a review of the record and accompanying pleadings, that the Defendant did not specifically intend to violate the automatic stay. Nevertheless, with regard to this issue, we do have guidance from the Third Circuit in the case of *In re Atlantic Business and Community,* 901 F.2d 325 (3rd Cir.1990) which agreed with the following definition of "willful violation":

A willful violation does not require a specific intent to violate the automatic stay. Rather, the statue provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated that stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded." *In re Atlantic Business and Community Corp. Id.* at page 329 citing *In re Bloom* 875 F.2d 224 (9th Cir.1989).

Although the initial filing of the complaint may not have been "willful" because of the Defendant's lack of knowledge of the bankruptcy filing, its continued pursuit of the litigation in Montgomery County against the Plaintiff does meet the criteria spelled out by the Third Circuit.

■ Nevertheless, although legal fees on behalf of the Plaintiff have been established in the total amount of Sixteen Thousand Five Hundred Twenty Nine dollars and Two Cents ($16,529.02), attorneys fees are only allowable to "embellish actual damages" *In re Whitt,* 79 B.R. 611 (Bankr. E.D.Pa.1987). The Plaintiff has failed to establish any actual damages apart from legal fees and costs. Accordingly no award for damages shall be assessed pursuant to Section 362(h) of the Code.

The disposition order is set forth on the following page.

### ORDER

Upon consideration of the pleadings, the documentation and support thereof and the transcript as well as the deposition testimony, this Court finds that the legal action of Robec Inc. vs. Micro Marketing International Inc. and New MMI Corporation filed to Montgomery County No. 90–21125 is violative of the automatic stay. New MMI's request for sanctions is denied.