In re Fran P. CLARKSON, Debtor.

**Bankruptcy No. 93–74091.**

United States Bankruptcy Court,
District of South Carolina.

Feb. 7, 1994.

Order on Motion for Rehearing
April 26, 1994.

Fran P. Clarkson, pro se.

Jon D. Pifer, Trial Atty., Tax Div., Dept. of Justice, Washington, DC, for creditor.

## ORDER

WM. THURMOND BISHOP, Bankruptcy Judge.

This matter comes before the Court on Debtor's motion for sanctions and damages against the Internal Revenue Service ("IRS") for violation of the automatic stay pursuant to 11 U.S.C. § 362(h).

### FACTS

1. The debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on August 20, 1993.

2. The IRS holds a judgment against the debtor which was entered on April 27, 1989,

in *United States of America v. Clarkson et al.,* Civil No. 8:88–1298–3.

3. The debtor's property had been ordered to be sold by the United States District Court and was duly scheduled to be auctioned on Wednesday, August 25, 1993.

4. When the Debtor filed her bankruptcy petition, the debtor not only listed her creditors on the petition but also hand-delivered a copy of her petition to the United States Marshall Service in Columbia, South Carolina, the day the petition was filed.

5. The attorney for the IRS acted diligently and confirmed by August 24, 1993, that the United States Marshal's office in Columbia, South Carolina, had been notified that the auction was cancelled.

6. Unknown to anyone representing the United States and due to a miscommunication between the United States Marshal's office in Columbia, South Carolina, and Greenville, South Carolina, the individual Deputy Marshall conducting the auction in Anderson, South Carolina, did not receive the notice to cancel the sale.

7. The Deputy Marshall conducting the sale arrived at the auction site approximately 15 minutes before the sale, at which time the debtor's husband told the Marshall of the filing and tried to give the Marshall a copy of the petition.

8. The Marshall did not accept the documents nor did he attempt to confirm what the debtor's husband told him regarding the filing of the bankruptcy petition.

9. The Marshall conducted the sale but, at the conclusion of the bidding, there was a problem with payment of the bid. At that time the Marshall called his office. At which time he received notice that the sale should not have been held. The Marshall declared the entire proceeding void.

10. At the hearing, the Marshall testified that he would not have cancelled the sale unless he had a court order to do so or the United States Marshall told him to cancel it.

## ISSUE

Whether the acts of the United States Marshall constituted a willful violation of the automatic stay under 11 U.S.C. § 362(h) affording the debtor relief.

## DISCUSSION

 The automatic stay goes into effect when the petition for relief is filed, not when the creditor learns that the petition has been filed. *Smith v. First America Bank,* 876 F.2d 524 (6th Cir.1989) *see, In re Boston Business Machines,* 87 B.R. 867 (Bankr. E.D.Pa.1988); 2 *Collier on Bankruptcy,* 362.03 (15th ed. 1989). Actions by creditors to collect a debt from the debtor, which are taken after the filing of a bankruptcy petition, are void *ab initio* and of no legal effect. *See, Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *In re Eisenberg,* 7 B.R. 683 (Bankr.E.D.N.Y.1980). Such actions are invalid even though the creditor had no notice of the bankruptcy filing. *In re Miller,* 10 B.R. 778 (Bankr.D.Md.1981); *In re Stephen W. Grosse, P.C.,* 68 B.R. 847 (Bankr.E.D.Pa. 1987).

11 U.S.C. § 362(h) provides

[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h); *In re Dungey,* 99 B.R. 814 (Bankr.S.D.Ohio 1989); *Archer v. Macomb County Bank,* 853 F.2d 497 (6th Cir. 1988); *In re Holman,* 92 B.R. 764 (Bankr. S.D.Ohio 1988).

The term "willful" has been defined as follows by several courts

A "willful violation" does not require specific intent to violate the automatic stay. Rather the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. *In re Bloom,* 875 F.2d 224 (9th Cir.1989); *In re Inslaw, Inc.,* 83 B.R. 89 (Bankr.D.D.C.1988); *In re Mews [Mewes],* 58 B.R. 124 (Bankr.D.S.D.1986); *In re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250 (Bankr.D.Conn. 1985). Whether the party believes in good

faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. *In re Bloom,* supra.; *In re Inslaw, Inc.,* supra.; *In re AM International, Inc.,* 46 B.R. 566 (Bankr.M.D.Tenn. 1985).

The moving party bears the burden of proof in order to prevail on an action for violation of the automatic stay and must prove his case by clear and convincing evidence. *In re Zunich,* Id.; *In re Wagner,* 74 B.R. 898 (Bankr.E.D.Pa.1987): *In re Mack,* 46 B.R. 652 (Bankr.E.D.Pa.1985).

Each violation of the automatic stay must be considered in its entirety, with due consideration of the underlying facts prior to any levy of sanctions. *In re Zunich,* 88 B.R. 721 (Bankr.W.D.Pa.1988), *In re Ramage,* 39 B.R. 37 (Bankr.E.D.Pa.1984).

The IRS argues that there was no "willful violation" of the stay under 11 U.S.C. § 362(h). The Deputy Marshall is an agent of the IRS. Although the Deputy Marshall did not receive notice of the sale cancellation, the Deputy Marshall testified that he would not have stopped the sale absent instructions to do so by his superior or a judge. This Court finds that this constitutes a "willful violation" of the stay.

While IRS argues that there can be no claim for monetary recovery against the IRS as there is no waiver of immunity by the government, it is not necessary for the court to address this issue as the moving party has not met her burden of proof that she has been damaged in any way by this stay violation. It is therefore

ORDERED that the debtor's motion for sanctions and damages against the Internal Revenue Service for violation of the automatic stay is denied.

AND IT IS SO ORDERED.

### *ON MOTION FOR REHEARING*

Before the Court are the Motion for Rehearing and the Motion for Damages of the debtor, Fran P. Clarkson. The debtor requests the Court to reconsider an order dated February 7, 1994 denying the debtor's motion for sanctions and damages against the United States (Internal Revenue Service). In particular, the debtor asserts that the Court erred in determining that she was not injured by a violation of the automatic stay.

This Court conducted a hearing in these matters on April 6, 1994 at Spartanburg, South Carolina. The debtor appeared *pro se* and the United States was represented by attorney Jon D. Pifer, Department of Justice, Tax Division.

Based upon full consideration of the arguments of the parties, the Court finds no error in its order of February 7, 1994. The debtor failed to satisfy her burden to prove that she sustained an injury or suffered damages as a result of the stay violation, and the Court therefore properly denied her motion for sanctions and damages. The debtor's Motion for Rehearing is therefore DENIED, and the recent Motion for Damages is also DENIED as moot.

SO ORDERED.