46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Stanley and Mary WILEY, Debtors.
Stanley and Mary WILEY, Plaintiffs-Appellants
v.
GOLDOME MORTGAGE COMPANY and Stevens County, Defendants-Appellees.
 No. 93-36199.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1995.
Decided Feb. 7, 1995.
 
 1
 Before WRIGHT and BRUNETTI, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Stanley and Mary Wiley ("Wileys") appeal from a district court decision affirming a decision of the bankruptcy court. The bankruptcy court held, in part, that (1) there was no willful violation of the automatic stay because Stevens County had no knowledge of the bankruptcy proceedings against Stanley Wiley; (2) the request for a determination of tax liability under 11 U.S.C. Sec. 505 was moot since the maximum term of the bankruptcy had already expired and there were no funds available; (3) any lien against real property could not be resolved for lack of jurisdiction since title to the property was in SJS Logging, not Mary and Stanley Wiley, the bankruptcy petitioners.
 
 FACTS AND PROCEDURAL BACKGROUND
 
 4
 Mary Wiley filed for bankruptcy. She listed Stevens County as a creditor. The bankruptcy petition was later amended to include her husband, Stan Wiley. Stan Wiley was also named as a debtor in a separate bankruptcy proceeding, for SJS Logging/Stan and Jack Wiley. The bankruptcy clerk sent to Stevens County a notice pursuant to the discharge of the SJS Logging bankruptcy. The notice incorrectly listed Stan Wiley as the debtor. Stevens County then sent tax delinquency notices to the Wileys.
 
 
 5
 The Wileys filed this adversarial action, seeking to recover attorneys fees and damages for a violation of the automatic stay. The bankruptcy court held that Stevens County's violation of the automatic stay was not willful, within the meaning of 11 U.S.C. Sec. 362. The bankruptcy court did not commit clear error in so finding. We affirm.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 6
 We review the bankruptcy court's findings of fact for clear error. In re Deer Park, Inc., 136 B.R. 815, 817 (Bankr. 9th Cir.1992). We review de novo the conclusions of law. Id.
 
 II. ANALYSIS
 
 7
 An individual injured by a willful violation of a stay may recover actual damages, and in appropriate circumstances, punitive damages. 11 U.S.C. Sec. 362(h). A "willful violation" requires (1) that the defendant know of the automatic stay, and (2) that the defendant's actions which violated the stay were intentional. In re Bloom, 875 F.2d 224, 226 (9th Cir.1989).
 
 
 8
 The bankruptcy court found that the County lacked knowledge that Stan Wiley was still protected by the automatic stay when it dispatched the tax delinquency notices. We find no clear error in such a finding. The County received conflicting information regarding the Wiley bankruptcy. The bankruptcy clerk sent the county an erroneous notice indicating that the Stan Wiley bankruptcy was terminated. The County had no record of a Mary Wiley on its tax rolls, and the Wileys failed to respond to a letter from the County reciting its understanding that the automatic stay was no longer in effect. The County's violations were not willful within the meaning of 11 U.S.C. Sec. 362(h).
 
 
 9
 The bankruptcy court correctly abstained from auditing the SJS Logging property for lack of jurisdiction. The district court offered the Wileys an opportunity to submit evidence of the true ownership of the property. However, the record reveals that the Wileys did not respond to such an offer.
 
 
 10
 The bankruptcy court correctly concluded that a tax determination under 11 U.S.C. Sec. 505 issue was moot, given the expiration of the maximum term of the bankruptcy and the lack of funds.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3