79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Sandish MANN and Jaspreet Mann, Debtor,
Jonathan E. TESAR, Movant-Appellee,
v.
Harjit BHAMBRA and Lakbhir Bhambra, Respondents-Appellants.
 No. 94-17141.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harjit and Lakbhir Bhambra appeal pro se the district court's affirmance of the bankruptcy court's order holding that, pursuant to 11 U.S.C. § 362(h), the Bhambras willfully violated the automatic stay entered in connection with the bankruptcy proceeding of debtors Sandish and Jaspreet Mann. The bankruptcy court imposed $25,000 in compensatory damages and $10,000 in punitive damages against the Bhambras. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Because we are in as good a position as the district court to examine the bankruptcy court's decision, we independently review the bankruptcy court's rulings. See Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir.1995). "We review de novo the bankruptcy court's conclusions of law, while reviewing for clear error its factual findings." Id.
 
 We have held:
 
 4
 A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.
 
 
 5
 Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227 (9th Cir.1989); accord In re Pace, 67 F.3d at 191.
 
 
 6
 Here, the Bhambras had knowledge that the automatic stay was in place when they temporarily took possession of the Manns' AM/PM Mini Market. The bankruptcy court found that the Chapter 11 trustee provided the Bhambras with oral notice and offered to produce documents indicating that the Manns had filed for bankruptcy and that the automatic stay was therefore in place. On appeal, the Bhambras have failed to show that the bankruptcy court committed clear error in making this finding. Since the Bhambras acted with knowledge of the bankruptcy filing, they willfully violated the automatic stay when they temporarily took possession of the Manns' AM/PM Mini Market. See In re Bloom, 875 F.2d at 227; see also Pinkstaff v. United States (In re Pinkstaff), 974 F.2d 113, 115 (9th Cir.1992).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Bhambras' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tesar's motion for attorneys' fees and costs is granted in part. As the prevailing party, Tesar is entitled to costs on appeal. See Fed.R.App.P. 39. We decline to award attorneys' fees. Further, we impose sanctions upon the Bhambras in the amount of $1,000 for bringing a frivolous appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988) ("An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit.")