**In re Jennifer LONG, Petitioner.**

**Misc. No. 886.**

United States Court of Appeals, Federal Circuit.

Nov. 6, 2008.

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

GAJARSA, Circuit Judge.

*ORDER*

Jennifer Long petitions for a writ of mandamus to direct the United States District Court for the Central District of California to vacate its order that requires her, inter alia, (1) to produce "all documents requested" by U.S. Philips Corporation in its efforts to enforce the court's judgment, (2) to pay to U.S. Philips $1,000 per day until all documents have been produced, (3) to lodge her passport and visa in the custody of the district court, and (4) if the documents are not produced, "to show

cause why the Court should not order that she be incarcerated and taken into Custody by the U.S. Marshall on September 29, 2008 until she complies with each of the Court orders...." U.S. Philips opposes. Long moves for leave to file a reply, with the reply attached.

U.S. Philips sued Norcent Holdings, Inc., International Norcent Technology, Inc. and Long for patent infringement. Long served as president of the other defendants. After a jury trial, the district court entered judgment against the three defendants, including Long. The district court held the three defendants jointly and severally liable for $12,853,793.

Norcent Holdings, Inc. and International Norcent Technology, Inc. filed petitions for bankruptcy relief on October 11, 2007. The bankruptcy court temporarily enjoined enforcement of the judgment against Long, who at that time had not filed for bankruptcy protection. The bankruptcy court also imposed an asset freeze on Long. The temporary injunction prohibiting enforcement of the judgment against Long expired on May 9, 2008, and U.S. Philips began enforcement proceedings in the district court against Long. The district court imposed an asset freeze on Long, ordered production of documents related to U.S. Philips' attempts to enforce the judgment, and ordered the "repatriation" of overseas funds. The district court also modified its judgment, nunc pro tunc, to include treble damages, attorney fees, and interest, which Long asserts increased the judgment to more than $45,000,000. Concerning its discovery requests in relation to enforcing the judgment, U.S. Philips filed a motion to compel discovery and for sanctions.

On September 3, 2008, the district court held a hearing on U.S. Philips' motion and entered a minute order granting U.S. Philips' motion. The order required that Long comply with U.S. Philips' subpoena or be sanctioned $1,000 per day after September 15, 2008. The order also stated that if she did not comply by September 29, 2008, "she will be in contempt of Court, and shall be taken into the custody of the U.S. Marshal, where she shall remain until she has so complied." The order also required that "all audits as requested by the plaintiffs shall have commenced before September 15, 2008." The minute order required that U.S. Philips "submit a proposed order."

Long filed a bankruptcy petition on September 8, 2008, triggering the application of 11 U.S.C. § 362(a). Section 362(a) provides, in pertinent part:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against a debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against a debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the state or to exercise control over property of the estate;
>
> ....
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title....

In the bankruptcy court, U.S. Philips sought relief from the stay of enforcement proceedings imposed by statute, 11 U.S.C. § 362(a), so that discovery proceedings concerning enforcement of the judgment by the distinct court could continue. It does not appear that that motion has yet been acted on by the bankruptcy court. In the district court, on September 16, 2008, U.S. Philips filed a motion to withdraw the reference of the bankruptcy matter to the bankruptcy court.

After September 8, 2008, the date of the filing of Long's bankruptcy petition, the district court continued to enter rulings in the patent case, despite the automatic stay of proceedings imposed by section 362(a). On September 23, 2008, the district court entered the proposed order submitted by U.S. Philips that further developed what the district court had ordered in its minute order of September 3. The proposed order contained additional conditions and requirements not expressly imposed by the September 3, 2008 order. For example, the district court awarded to U.S. Philips an unspecified amount of attorney fees in connection with its motion, held that Long had waived the attorney-client privilege and work product privilege, held that U.S. Philips "is entitled to discovery regarding the Norcent entities in an effort to collect the Judgment," that Long shall submit to "audit[s]" by U.S. Philips, that Long shall bear the costs of such audits, that Long shall reimburse U.S. Philips for the cost of obtaining any credit reports concerning Long, that Long shall reimburse U.S. Philips for the cost of obtaining any tax returns and supporting documents, that Long shall appear for a debtor examination, that Long surrender to the district court any passports and visas, and that Long is prohibited from applying for a passport.

Long petitioned this court for a writ of mandamus. This court temporarily stayed the district court's order on September 26, pending this court's disposition of the mandamus petition.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

In matters not unique to patent law, we apply the law of the regional circuit, here the United States Court of Appeals for the Ninth Circuit. *Kohus v. Toys R Us, Inc.*, 282 F.3d 1355, 1357 (Fed.Cir.2002). In a case similar to the facts that underlie this proceeding, the Ninth Circuit held that actions taken with the purpose of securing assets protected by the stay or harassing the debtor, even if the actions are couched in terms of a motion for contempt findings, violate the statutory automatic stay provisions of 11 U.S.C. § 362(a). *In re Bloom*, 875 F.2d 224, 226 (9th Cir.1989). In *Bloom*, the debtor, Edith Bloom, was obligated by a consent decree to make payments. One of the parties to whom payment was owed, William Goichman, noticed a deposition of Bloom in his attempts to collect payment. Bloom did not attend the deposition and filed a bankruptcy petition.

After he was notified of the bankruptcy petition, Goichman filed a motion in district court asking that Bloom be found in contempt and for certain relief. The district court ordered that Bloom convey

partnership assets to Goichman as security for the pre-bankruptcy petition judgment. The district court also stated that Bloom would be fined for contempt for failure to attend the deposition. Subsequently, Goichman also moved in the district court to withdraw the reference to the bankruptcy court.

The Ninth Circuit held that the automatic stay provisions had been violated. The Ninth Circuit noted that "[t]he automatic stay is intended to give 'the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions' S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5840. Thus, if Goichman filed the contempt motion with the purpose of securing assets protected by the stay or harassing Bloom, he is not protected." *Bloom,* 875 F.2d at 226. *Bloom* clearly stands for the proposition that the automatic stay precludes actions such as those taken by Goichman.

In this case, as in *Bloom,* there is a party who seeks to collect on a monetary judgment and a party who has filed a bankruptcy petition. The party seeking to collect sought discovery in support of its collection efforts, and when not satisfied, filed a motion to compel discovery and for contempt, which the Ninth Circuit held violated the statutory automatic stay. Similarly, the district court's September 23, 2008 order in this case clearly violated the statutory automatic stay. Additionally, although the district court's September 3, 2008 minute order was filed before the bankruptcy petition was filed, and thus was not expressly prohibited at that time by the automatic stay provision, any action to require Long to now comply with that order would likewise be prohibited by section 362 unless the automatic stay is lifted.

U.S. Philips cites, inter alia, *David v. Hooker, Ltd.,* 560 F.2d 412 (9th Cir.1977) for the proposition that a district court can sanction a party for contempt even though the party has filed for bankruptcy protection. We note that *Hooker* was decided prior to the enactment of 11 U.S.C. § 362(a). In any event, in *Bloom,* the Ninth Circuit distinguished Hooker as involving only a motion for contempt that was not related to an attempt to enforce the judgment or harass the debtor. *Bloom,* 875 F.2d at 227. It is clear that a party cannot file a bankruptcy petition to attempt to avoid a contempt sanction for improper conduct during litigation. *See In re Berg,* 230 F.3d 1165, 1168 (9th Cir.2000) (automatic stay does not protect debtor from paying award of attorney fees imposed due to litigation misconduct); *In re Dumas,* 19 B.R. 676, 678 (9th Cir.1982) (state court sentence for contempt is not affected by automatic stay). However, in this case, as in Bloom, the relief sought by U.S. Philips and the relief granted by the district court extend beyond a mere motion for contempt and were not unrelated to attempts to further impose discovery requirements against Long and enforce the monetary judgment.

Because the September 23 order violated the automatic stay, we grant the petition for a writ of mandamus and direct the district court to vacate that order.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is granted.

(2) The motion for leave to file a reply is granted.