**In re VANGUARD MANUFACTURING CO., Debtor.**

**CALIFORNIA STATE BOARD OF EQUALIZATION, Appellant,**

**v.**

**Arnold L. KUPETZ, Chapter 7 Trustee, Appellee.**

**BAP No. CC–91–1830–VPMe.**
**Bankruptcy No. LA 88–19058–SB.**
**Adv. No. AD 90–02766–SB.**

United States Bankruptcy Appellate Panel Ninth Circuit.

Argued and Submitted May 21, 1992.

Decided Oct. 16, 1992.

David S. Chaney, Los Angeles, Cal., for State of Cal.

Rosendo Gonzalez, Los Angeles, Cal., for Arnold Kupetz.

Before VOLINN, PERRIS and MEYERS, Bankruptcy Judges.

OPINION

PERRIS, Bankruptcy Judge:

The debtor's Chapter 7 trustee, Arnold Kupetz ("the trustee"), sought to avoid the postpetition transfer of funds to the appellant, the California State Board of Equalization ("the Board"). The bankruptcy court entered a judgment on the pleadings in favor of the trustee, rejecting the Board's sovereign immunity defense. We REVERSE the bankruptcy court's judgment.

FACTS

The debtor, Vanguard Manufacturing Company, filed a Chapter 11 petition on September 8, 1988. In December of 1988, the debtor paid the Board $41,742.00 for taxes due for July, August and September, 1988. The Board did not file a proof of claim for unpaid taxes. There is no indication in the record that the Board made a demand for payment or that the payment was based upon a state audit or assessment.

Subsequently, the bankruptcy court converted the debtor's case to Chapter 7. The trustee filed an adversary proceeding seeking to avoid the payment to the Board under 11 U.S.C. § 549 and to recover the transferred funds under 11 U.S.C. § 550.[1] After filing an answer, the Board moved for a judgment on the pleadings, asserting that the action was barred by the doctrine of sovereign immunity. The bankruptcy court entered judgment in favor of the trustee, determining that the Board waived its sovereign immunity under 11 U.S.C. § 106(a). The Board filed this timely appeal.

ISSUE

Whether the Board waived its sovereign immunity pursuant to section 106(a) by ac-

1. All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless the context otherwise indicates.

cepting the debtor's voluntary postpetition payment of its prepetition debt.

STANDARD OF REVIEW

This appeal involves a question of statutory interpretation—an issue of law subject to *de novo* review. *See United States v. Gomez-Osorio,* 957 F.2d 636, 638 (9th Cir. 1992).

DISCUSSION

The Eleventh Amendment to the Constitution has been consistently construed to insulate states from actions for monetary recovery in federal courts.[2] *See, e.g., Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 237–38, 105 S.Ct. 3142, 3144–45, 87 L.Ed.2d 171 *reh'g denied* 473 U.S. 926, 106 S.Ct. 18, 87 L.Ed.2d 696 (1985). The sovereign immunity expressed in the Eleventh Amendment, however, is subject to well established exceptions which permit actions for damages in federal court in the following circumstances: (1) where a state waives its sovereign immunity and consents to be sued in federal court; (2) when Congress abrogates the immunity by creating causes of action against unconsenting states pursuant to certain specified constitutional powers, such as section 5 of the Fourteenth Amendment to the Constitution. *E.g., Atascadero State Hospital,* 473 U.S. at 238–240, 105 S.Ct. at 3145–46; *BV Engineering v. University of California, Los Angeles,* 858 F.2d 1394, 1395–96 (9th Cir.1988), *cert. denied,* 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 859 (1989). A waiver of the Eleventh Amendment immunity may be found only where (1) a state expressly consents to the suit, (2) a state statute or constitution so provides, or (3) Congress clearly intended to condition the state's participation in a federal program or activity on the state's waiver of immunity. *E.g., BV Engineering,* 858 F.2d at 1396.

Section 106(a) provides as follows:

> A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

Section 106(a) has been uniformly determined to be a clear and unequivocal waiver, as opposed to an abrogation, of a state's immunity for claims within its scope. *In re 995 Fifth Ave. Associate, L.P.,* 963 F.2d 503, 507–509 (2d Cir.1992); *see United States v. Nordic Village, Inc.,* — U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992); *In re Town & Country Home Nursing Services, Inc.,* 963 F.2d 1146, 1150 (9th Cir.1991); *WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996 (1st Cir.1988).

The waiver of immunity, in contrast to abrogation, is triggered by some specific affirmative activity on the part of the state. *995 Fifth Ave. Associates,* 963 F.2d at 507. This affirmative activity may involve the enactment of legislation by the state by which it consents to be sued in federal court. *See, e.g., Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 307–09, 110 S.Ct. 1868, 1873–75, 109 L.Ed.2d 264 (1990). Under section 106(a), the affirmative activity triggering the waiver of immunity is the state's participation in the bankruptcy proceeding. *See WJM, Inc.,* 840 F.2d at 1003; *see also Clark v. Barnard,* 108 U.S. 436, 447–48, 2 S.Ct. 878, 882–83, 27 L.Ed. 780 (1883) (a state waives its immunity by intervening in federal litigation as a claimant to a fund). In section 106(a), Congress expressed its clear intent that a state's actions in participating in a bankruptcy case would trigger a waiver of sovereign immunity for counterclaims within its scope. *WJM, Inc.,* 840 F.2d at 1003.

2. The Eleventh Amendment provides as follows: The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

In *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), the Court held that the Eleventh Amendment also bars a suit by a citizen against his or her own state in federal court.

With these principles in mind, we must determine the extent of the conduct required to trigger a waiver of immunity under section 106(a). *In re Town & Country Home Nursing Services, Inc.*, 963 F.2d 1146 (9th Cir.1991), is instructive. In *Town & Country,* the governmental entity at issue continued to offset a claim owed it by the debtor against payments that it owed to the debtor after the filing of the petition. The Ninth Circuit determined that the governmental entity waived its immunity from claims asserted by the debtor under section 106(a), even though the creditor did not file a formal proof of claim. The court rejected the contention that the statute or the legislative history required a formal proof of claim as a prerequisite to waiver of immunity. The court reasoned that the governmental entity's conduct in enforcing postpetition payment through the set offs was the functional equivalent of a proof of claim or an informal proof of claim and was sufficient to trigger a waiver of immunity.

The distinction between *Town & Country* and this case is that in this case, there is no evidence that the Board made any collection attempts or took any affirmative steps to enforce postpetition payment on its claim. The only actions taken by the Board were to accept and cash the check that the debtor voluntarily delivered. Although this may have resulted in the Board receiving a distribution from the estate, contrary to the trustee's contentions, this did not amount to the type of affirmative conduct necessary to trigger a waiver of the Board's immunity under section 106(a). It was the conduct of the debtor, rather than the conduct of the Board that led to the distribution from the estate. Allowing conduct on the part of the debtor to trigger a waiver of immunity is contrary to the general principles discussed above and would effectively permit the debtor to control waiver of sovereign immunity by actions such as filing a proof of claim on behalf of a governmental entity. There being insufficient affirmative conduct on the part of the Board, the bankruptcy court erred in determining that the Board waived its Eleventh Amendment immunity pursuant to section 106(a).[3]

CONCLUSION

For the reasons set forth above, the Board did not engage in affirmative conduct sufficient to waive its immunity under section 106(a). The Board, therefore, is protected from the trustee's cause of action pursuant to its Eleventh Amendment immunity.[4] Accordingly, we REVERSE the bankruptcy court's judgment in favor of the trustee.

3. Contrary to the Board's contention, *Hoffman v. Connecticut Dep't. of Income Maintenance,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), and *United States v. Nordic Village, Inc.,* — U.S. —, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), do not affect our resolution of this issue. Those cases addressed only whether Congress abrogated or waived immunity under section 106(c). In neither of those cases did the Court consider the level of conduct necessary to trigger a waiver of immunity under section 106(a). *See Town & Country,* 963 F.2d at 1152, n. 2.

4. The trustee contends that sovereign immunity does not apply because this is an action to avoid a transfer of property of the estate over which the bankruptcy court had exclusive jurisdiction. The Supreme Court essentially rejected this contention in *United States v. Nordic Village, Inc.,* — U.S. —, — – —, 112 S.Ct. 1011, 1016–17, 117 L.Ed.2d 181 (1992).