**In re James Dean BOLDMAN and Paula Ann Boldman, d/b/a Paula's Hair Designers, Debtors.**

**James Dean BOLDMAN and Paula Ann Boldman, d/b/a Paula's Hair Designers, Plaintiffs,**

v.

**UNITED STATES of America, United States Department of Treasury, acting through the Internal Revenue Service, Defendants.**

**Bankruptcy No. 91–80447.
Adv. No. 91–8212.**

United States Bankruptcy Court,
C.D. Illinois.

Jan. 13, 1993.

Pamela S. Wilcox, Barash, Stoerzbach & Henson, P.C., Galesburg, IL, for debtors/plaintiffs.

Gerard A. Brost, Asst. U.S. Atty., Peoria, IL and Beverly Ann Ortega, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendants.

OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court is the motion of the Internal Revenue Service to alter or amend this Court's Opinion and Order dated July 31, 1992, finding the Internal Revenue Service liable to the Debtors, JAMES DEAN BOLDMAN and PAULA ANN BOLDMAN, D/B/A PAULA'S HAIR DESIGNERS (BOLDMANS), for reasonable attorney's fees and expenses pursuant to Section 362(h) of the Bankruptcy Code. 147 B.R. 448.

This Court has carefully considered the points raised by the motion. Because many of the points contained in the motion were dealt with by this Court in its earlier Opinion, this Court will not reconsider them. Suffice it to say that this Court thoroughly researched the matter prior to issuing its earlier Opinion and will limit its review to any new matters raised.

The only argument raised by the Internal Revenue Service which this Court did not consider previously is that it did not waive sovereign immunity with regard to the business-related liabilities because the claim it filed in the bankruptcy proceeding was only for the individual income tax liabilities for the BOLDMANS for 1987. Correctly noting that the waiver of sovereign immunity contained in Section 106(a) is limited to compulsory counterclaims, the Internal Revenue Service maintains that its proof of claim for income taxes arises out of a different transaction or occurrence than the Debtors' subsequent claim against the IRS for fees for attempting to collect the business-related tax liabilities. While this Court agrees with those points, and admits that its earlier Opinion was based upon the mistaken premise that the IRS had waived its sovereign immunity by filing a claim, this Court finds that the IRS' failure to file a claim for the business-related tax liabilities is not determinative under Section 106(a).

In *In re Town & Country Home Nursing Services, Inc.*, 112 B.R. 329 (9th Cir. BAP 1990), *aff'd*, 963 F.2d 1146 (9th Cir.

1992), the court rejected the proposition that the filing of a formal proof of claim is a prerequisite to waiver of sovereign immunity under Section 106(a), stating:

> The defendants assert that there has been no waiver of sovereign immunity under section 106(a) because they did not file a proof of claim. That assertion flies in the face of logic. The express language of section 106(a) says nothing about the necessity of the government unit filing a proof of claim in order to trigger the waiver of sovereign immunity. By the clear terms of the statute the waiver is triggered by the existence of the government's "claim," not the filing of a proof of claim. (Citations omitted.)

Other courts have agreed with this interpretation of Section 106(a). *U.S. v. IN-SLAW, Inc.*, 113 B.R. 802 (D.D.C.1989), *vac. United States v. Inslaw, Inc.*, 132 B.R. 808 (D.D.C.1991); *In re Lile*, 96 B.R. 81 (Bkrtcy.S.D.Tex.1989); *In re Inslaw*, 76 B.R. 224 (Bkrtcy.D.C.1987). And, as courts have noted, the legislative history strongly supports this result:

> "The task of resolving the dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself.... [W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms'." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 [241], 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985); *See also Consumer Product Safety Com'n v. GTE Sylvania, Inc.*, 447 U.S. 102 [108], 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) (Absent a clearly expressed legislative intention to the contrary, the language of the statute itself must ordinarily be regarded as conclusive).

> The plain language of section 106 says nothing about the necessity of a governmental unit filing a proof of claim before there is a waiver of sovereign immunity nor does the definition of 'claim' or 'governmental unit', section 101(4) and section 101(21) respectively,

say anything about the necessity of a governmental unit filing a proof of claim before there is a waiver of sovereign immunity.

*In re Davis*, 20 B.R. 519, 520 (Bankr. M.D.Ga.1982) *vacated on other grounds*, 899 F.2d 1136 (11th Cir.1990).

The plain language of Section 106(a) is that Congress has waived the sovereign immunity of a governmental unit only when the following conditions are met:

> (1) the estate has a claim against the governmental unit and the governmental unit has a claim against the estate;

> (2) the claim against the governmental unit is property of the estate; and

> (3) the claims of each must arise out of the same transaction or occurrence.

*Id.* at 521.

To inject into 11 U.S.C. section 106(a) a phrase such as 'A governmental unit that files a proof of claim under section 501 of this title' would change the plain language of the statute. To so inject would be doing exactly what Congress rejected. The original version of 11 U.S.C. Section 106 contained such words. The text of H.R. 8200, 95th Cong., 1st Sess. 324 (1977) and S.2266, 95th Cong., 2nd Sess., 313 (1978) each show 11 U.S.C. section 106 to read as follows:

> (a) A governmental unit *that files a proof of claim under section 501 of this title* is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

> (b) There shall be offset against an allowed claim or interest of a governmental unit *for which such governmental unit filed a proof of claim or interest under section 501 of this title* any claim against such governmental unit that is property of the estate. (Underscoring added).

As finally adopted on November 6, 1978, sections (a) and (b) remained exactly the same except the underscored portion was eliminated from section (a) and

(b), and section (c) was added. What congress rejected should not be injected. Id. (Emphasis in original.)

Although a number of decisions involve situations where the courts have determined that the governmental unit had asserted an "informal" claim by reason of the actions it has taken in the bankruptcy case, in this Court's view that is again an unnecessary and impermissible expansion of the terms of the statute. All that is necessary is that the governmental unit possess a claim, not that it assert it in any fashion. That is especially true when, as in the present case, the Debtors' liability for the claim is nondischargeable and will be unaffected by the Debtors' completion of the plan and Chapter 13 discharge.

In its earlier order, this Court followed *Taborski v. U.S.*, 141 B.R. 959 (N.D.ILL. 1992), which held that a claim for taxes and a claim for damages for a willful violation of the automatic stay in an attempt to collect those taxes arise out of the same transaction or occurrence within the meaning of Section 106(a). Nothing argued by the Internal Revenue Service in its motion to reconsider persuades this Court to change that determination. In so ruling this Court joins the ever-increasing majority of courts which hold the Internal Revenue Service liable for willful violations of the automatic stay. *See In re Tyson*, 145 B.R. 91 (Bkrtcy.M.D.Fla.1992); *In re Solis*, 137 B.R. 121 (Bkrtcy.S.D.N.Y.1992); *In re Price*, 130 B.R. 259 (N.D.Ill.1991). As the court in *Solis, supra*, concluded:

> Finally, [a holding that no affirmative recovery is available against the government under section 106(c)] would strike at the heart of our power to enforce the automatic stay against the most feared creditor in the United States today, one which, as here, is frequently sluggish, and on occasion, acts in wanton and malicious disregard for the rights of debtors in bankruptcy. (Citations.) The automatic stay is one of the foundational principles on which the whole bankruptcy system is built. We will not relinquish the power to enforce it, which appears to be ours under a plain reading of section 106(c), until we are explicitly ordered to do so by a higher Court.

In response to the Internal Revenue Service's contention that its acts cannot be considered "willful" because the BOLDMANS failed to disclose their employer identification number when requested, this Court notes that the Internal Revenue Service had filed tax liens against the BOLDMANS for both unpaid income taxes and business-related taxes, prior to the bankruptcy, albeit under a different employer identification number. As the court noted in *In re Solis, supra*, the vast investigative powers of the Internal Revenue Service are a wieldy sword, but they must serve as a shield as well.

> In any event, IRS concedes its employees had knowledge of the second EIN number well prior to the levy. IRS must be charged with the knowledge of its employees and agents. Had IRS exercised reasonable prudence, it would have found the second EIN number, and made whatever computer entries were necessary to suspend collection. Its prepetition attempt to collect turned up the second number. We won't allow IRS to make less of an effort to comply with the automatic stay provisions of the Code and the orders of this Court than it makes to collect from a debtor.

In the present case, it would have behooved the BOLDMANS to have disclosed all taxpayer identification numbers on their bankruptcy petition. Unfortunately, they did not do so and their attorneys appear to have made less than a sterling effort to discover the numbers. Nonetheless, the Internal Revenue Service did nothing more than to inquire of the BOLDMANS' attorneys regarding the existence of the employer identification number. The Internal Revenue Service does not argue that it had no means of discovering the numbers and this Court will not, in the absence of any proof, infer that such is true.

For the foregoing reasons, the motion to alter or amend this Court's Opinion and Order entered July 15, 1992, should be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.