**In re James Dean BOLDMAN and Paula Ann Boldman, d/b/a Paula's Hair Designers.**

No. 93–4008.

United States District Court, C.D. Illinois, Rock Island Division.

May 7, 1993.

Gerard A. Brost, Asst. U.S. Atty., Peoria, IL, Beverly Ann Ortega, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Pamela Sue Wilcox, Barash Stoerzbach & Henson, Galesburg, IL, for defendant.

## ORDER

McDADE, District Judge.

This matter is before the Court on appeal from a ruling by United States Bankruptcy Judge William V. Altenberger, 147 B.R. 448. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). Appellant United States of America, United States Department of Treasury, acting through the Internal Revenue Service (IRS), argues that the Bankruptcy Court erred in finding that the IRS wilfully violated the automatic stay of the Bankruptcy Code and waived its sovereign immunity pursuant to 11 U.S.C. § 106(a). The IRS also argues that the Bankruptcy Court erred in finding that debtor appellees were entitled to reasonable attorney's fees as a sanction for the IRS' willful violation of the stay.

The standard of review of a bankruptcy court ruling is governed by Bankruptcy Court Rule 8013, which states:

> On appeal the district court or bankruptcy appellate panel may affirm, modify or reverse a bankruptcy court's judgment, order of decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

11 U.S.C. Rule 8013. The Seventh Circuit in *Matter of Boomgarden,* 780 F.2d 657 (7th Cir.1985), states: "[W]e must accept the bankruptcy court's findings of fact unless they are clearly erroneous.... We can, however, apply *de novo* review to conclusions of law of any lower court." *Id.* at 660 (citations omitted).

## BACKGROUND

On February 25, 1991, Debtor Appellees James Dean Boldman and Paula Ann Boldman, d/b/a Paula's Hair Designers (Appellees), filed a Chapter 13 Bankruptcy Petition. The Debtors' Chapter 13 statement identified their residential address and business address for Paula's Hair Design-

ers. Additionally, the petition listed the Appellants' social security numbers but not their Employer Identification Numbers (EIN). The IRS was scheduled as a creditor and received notice of the bankruptcy proceedings. A plan was confirmed which provided that the IRS would be paid directly by Appellees outside the plan. Pre-petition, the IRS filed federal tax liens using one of the Appellees' social security numbers and an EIN.

On March 6, 1991, a Notice to Creditors was sent to the IRS. This Notice listed only the Appellees' individual social security numbers and not an EIN. The IRS inquired of Appellees' attorney if Appellees had an EIN, but the attorney was unsure if Appellees had one.

In November of 1991, the IRS issued a Notice of Intent to Levy regarding unpaid tax liabilities of Paula's Hair Designers. The Notice was mailed to the Kewanee, Illinois, business address of Paula's Hair Designers, and referred to EIN 36–3360353. The Notice instructed Debtors to refer to either a social security number or an EIN when paying the claim.

On December 3, 1991, Appellees brought an action for violation of the automatic stay, seeking an injunction preventing the IRS from further collection activities, punitive damages, and attorney's fees. On February 6, 1992, the IRS issued a release of levy.

The bankruptcy court subsequently considered the Appellees Motion for Summary Judgment which considered only the claim for attorney's fees. The court concluded that Appellees were entitled to attorney's fees under 11 U.S.C. § 362(h). After finding that the action of the IRS was willful and that the IRS had waived its sovereign immunity, the bankruptcy court awarded attorney's fees to Debtors. It is from this Order that the IRS appeals.

## ANALYSIS

Section 362 of the Bankruptcy code provides for an automatic stay as to all entities upon filing of a petition in bankruptcy. 11 U.S.C. § 362. This section also provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

In the case at bar, the IRS argues that Appellees never informed the IRS that the tax liabilities related to EIN 36–3360353 were at issue in the Appellees' bankruptcy. Accordingly, the IRS argues that it could not have known that the automatic stay affected the business liabilities of EIN 36–3360353, and the issuance of a Notice of Intent to Levy regarding those business liabilities was not a willful violation of the stay.

In *Taborski v. United States of America, Internal Revenue Service,* 141 B.R. 959 (N.D.Ill.1992), the court adopted the standard for willful violations of § 362(h) set out in *In re Bloom,* 875 F.2d 224, 277 (9th Cir.1989). The *Bloom* court stated:

A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the action was "willful" or whether compensation must be awarded.

*Bloom,* 875 F.2d at 277.

In *Taborski,* the IRS withheld the plaintiff's share of a joint income tax refund for 1987 and 1988 after the plaintiff had filed a bankruptcy petition. Plaintiff then filed an adversary complaint against the IRS seeking a rule to show cause why the IRS should not be held in contempt for violating the automatic stay. Subsequently, in 1989, the IRS filed notice of a federal income tax lien against all of plaintiff's property. Plaintiff again filed a rule to show cause why the IRS should not be held in contempt for violating the automatic stay by filing the notice of the federal tax lien. In 1990, the IRS seized plaintiff's income tax refund for 1989, and plaintiff filed a second motion to show cause why the IRS should

not be found in contempt for violating the automatic stay. *Taborski*, 141 B.R. at 961.

The IRS argued in *Taborski* that although it had knowledge of the bankruptcy petition, it did not know that plaintiff claimed an individual share of the refund. Accordingly, the IRS argued that its action was not willful. *Taborski*, 141 B.R. at 961. The court held, however, that even if the IRS did not initially realize that plaintiff claimed an individual share of the 1987 and 1988 refunds, and thus did not know it had seized estate property, it could not disclaim knowledge of plaintiff's intention to claim an individual share after plaintiff filed the adversary proceeding in 1989. *Id.* at 976. The court noted that instead of expeditiously investigating plaintiff's claim, the IRS "dragged its heels" for months before returning plaintiff's share of the 1987 and 1988 refunds. The court held that the IRS's continued withholding of plaintiff's refund even after she filed an adversary proceeding constituted a willful violation of the automatic stay. *Id.* at 967.

Another case in which the court found that the IRS wilfully violated an automatic stay is *In re Price*, 130 B.R. 259 (N.D.Ill. 1991). In *Price*, it was undisputed that the plaintiffs had filed a petition in bankruptcy. Nonetheless, the IRS issued a Notice of Intention to Levy to plaintiffs. Plaintiffs filled a motion for relief under 11 U.S.C. § 362(h). In response to the motion, the IRS conceded that the notice constituted a technical violation of the stay, but argued that the notice had been issued inadvertently. The bankruptcy court held, however, that the IRS had wilfully violated the automatic stay because it had actual notice of pending bankruptcy proceedings when the notice was issued.

Similarly, in *In re Bulson*, 117 B.R. 537 (9th Cir. BAP 1990), the debtor filed a Chapter 13 petition. Two years later the IRS, operating under the mistaken belief that the case was closed, filed a Notice of Intent to Levy. In finding that the IRS's conduct was willful for the purposes of § 362(h), the court stated:

> The action by the IRS was clearly directed at collection of the tax debt and therefore was intentional. The IRS had notice of and participated in this bankruptcy case, so that it had knowledge of the automatic stay. The fact that the IRS might have been mistaken about the status of the case, or believed it had a right to execute on the debtor's property does not make the act of collection non-willful. As a result, the actions taken by the IRS were "willful" as that word is used in § 362(h).

*Bulson*, 117 B.R. at 539. (citation omitted).

In a case somewhat similar to the case at bar, the debtor, in *In re Solis*, 137 B.R. 121 (Bankr.S.D.N.Y.1992), filed a Chapter 13 Petition in July of 1990 which listed a social security number but omitted any reference to two EINs under which debtor operated a medical practice. The IRS, however, was aware of the EINs prior to the filing of the petition due to searches on the IRS computer system in April of 1990. *Solis*, 137 B.R. at 122. In September of 1990, debtor filed an amended voluntary petition again listing only the social security number but not the EINs. The IRS, however, violated the automatic stay through a levy on debtor's bank account in October of 1990. Although the IRS issued a "Release of Levy," the IRS again violated the stay with a subsequent Notice of Intent to Levy in November of 1990. Debtor then filed a claim for attorney's fees under § 362(h).

The IRS argued in *Solis* that its violations of the automatic stay were caused by debtor's failure to list both EINs in the caption of the bankruptcy petition. Accordingly the IRS argues that its Technical Unit did not receive the customary channel and was deprived of the opportunity to follow its general procedures to suspend collection activity. Therefore, the IRS argued that its collection attempts were not a willful violation of the stay. *Solis*, 137 B.R. at 124.

In holding that the actions of the IRS were willful, the *Solis* court stated:

> '[T]he IRS is equipped with an experienced legal staff that is familiar with the application and scope of the automatic stay.' Had IRS exercised reasonable

prudence, it would have found the second EIN number, and made whatever computer entries were necessary to suspend collection.... We won't allow IRS to make less of an effort to comply with the automatic stay provisions of the Code and orders of this Court than it makes to collect from a debtor.

*Solis,* 137 B.R. at 133. (citations omitted).

In applying the above principles to the case at bar, the bankruptcy court stated:

In the present case, it would have behooved the Boldmans to have disclosed all taxpayer identification numbers on their bankruptcy petition. Unfortunately, they did not do so and their attorneys appear to have made less than a sterling effort to discover the numbers. Nonetheless, the Internal Revenue Service did nothing more than inquire of the Boldmans' attorneys regarding the existence of the employer identification number. The Internal Revenue Service does not argue that it had no means of discovering the numbers and this Court will not, in the absence of any proof, infer that such is true.

*In re Boldman,* 148 B.R. 874, 877 (Bankr. C.D.Ill.1993) (attached to Appellees' brief).

■ This Court agrees with the bankruptcy court that the IRS action was willful. The IRS was a scheduled creditor who had notice of the bankruptcy filing and the automatic stay. Moreover, as stated in *Solis,* "IRS' assertions that its violations were caused by Debtor's failure to list the second EIN number are not persuasive." *Solis,* 137 B.R. at 133. The IRS, with its experienced legal staff and vast investigatory powers, could have found the EINs had it "exercised reasonable prudence." *Id.* Accordingly, the Court holds that the IRS' violation of the automatic stay was willful.

■ The Court's analysis does not end here, however, as the IRS claims that it did not waive its sovereign immunity regarding Appellees' business related liabilities. This issue is governed by § 106 of the Bankruptcy Code which states: A governmental unit is deemed to have waived sovereign immunity with respect to any *claim* against such governmental unit that is *property of the estate* and that *arose out of the same transaction or occurrence out of which such governmental unit's claim arose.* 11 U.S.C. § 106(a). (emphasis added). As stated in *Taborski,* "[s]ubsection 106(a) authorizes monetary recovery from a governmental unit if the governmental unit has a claim against the estate, the debtor's claim against the governmental unit is property of the estate, and the two claims arise from the same 'transaction or occurrence.'" *Taborski,* 141 B.R. at 964.

■ The language in § 106(a) closely tracks the compulsory counterclaim language of Fed.R.Civ.P. 13(a), which also refers to claims which arise out of the same transaction or occurrence. The United States Supreme Court has recently held that sovereign immunity under § 106(a) is waived when a compulsory counterclaim exists. *United States v. Nordic Village, Inc.,* — U.S. —, —, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). Thus, the Court must determine whether Appellees' claim for attorney's fees is a compulsory counterclaim to the IRS' filing a Notice of Intent to Levy in violation of the automatic stay. *In re Pullman Construction Industries, Inc.,* 142 B.R. 280, 282 (Bkrtcy. N.D.Ill.1992).

Initially, the IRS argues that Appellees' claim for attorney's fees does not arise out of the same transaction or occurrence as the IRS' claim. This case, however, is no different from *Taborski,* in which the court stated that "both claims arise out of the same transaction or occurrence, because [debtor's] claim for attorneys' fees is proximately linked to actions the IRS took to recover back taxes. Other courts in identical situations have reached similar conclusions." *Taborski,* 141 B.R. at 964 (citing *In re Bulson,* 117 B.R. 537, 540 (9th Cir. BAP 1990); *Price,* 130 B.R. at 270). In *Price* the court stated:

[T]he Notice which the IRS erroneously sent to the Prices and which gave rise to the attorneys' fees had its genesis in the government's endeavors to collect upon

the Prices' overdue income taxes. The levy and the resulting claim for fees would not have occurred had there not been unpaid taxes which the government was trying to collect.

*Price,* 130 B.R. at 270.

The IRS argues in the case at bar that it should somehow make a difference that it issued the Notice of Intent to Levy with regard to Appellees' business interest and not to the Appellees as individuals. The argument is specious, of course, as both the individuals and the business were included in the petition for bankruptcy and, at a minimum, "[t]he levy and the resulting claim for attorneys' fees would not have occurred had there not been unpaid taxes which the government was trying to collect." *Id.*

The IRS has urged the Court to follow *In re Academy Answering Service, Inc.,* 100 B.R. 327, 330 (N.D.Ohio 1989), one of a few cases which have held that and IRS claim for taxes and the claim of a debtor against the IRS for violations of the automatic stay did not arise out of the same occurrence. However, as noted in *Solis,* the entire discussion in *Academy* was limited to "one conclusory sentence:

'Nor did Academy's claim for attorney's fees arise out of the same 'transaction or occurrence" out of which the government's claim arose.'

*Solis,* 137 B.R. at 127 (quoting *Academy,* 100 B.R. at 300). *Solis,* however, after noting the paucity of reasoning in *Academy,* agreed with the *Price* rationale that both the IRS' claim for taxes and the plaintiff's claim for fees arise from the same transaction. *Solis,* 137 B.R. at 127. *See also In re Pullman Construction Industries, Inc.,* 142 B.R. 280 (Bkrtcy.N.D.Ill. 1992) ("*Academy Answering Service* contains no detailed analysis to back up its conclusion." *Id.* at 285).

A second case, *In re Rebel Coal Co. Inc.,* 944 F.2d 320 (6th Cir.1991) also stated that a claim for attorneys' fees did not arise from the same transaction as a tax collection claim. *Rebel,* however, is "inconsistent with the language of § 106(a) and the congressional intent behind § 106(a), be-

cause granting the [IRS] sovereign immunity would elevate it above other similarly situated claimants, and § 106(a) was enacted to avoid that result." *Pullman,* 142 B.R. at 286.

For the above stated reasons, the Court finds that Appellees' claim for attorney's fees does arise out of the same transaction or occurrence from which the IRS' claim arose and is a compulsory counterclaim.

■ The IRS also argues that the attorney's fee request does not constitute property of the estate, the second element of § 106(a). The IRS has not cited any cases which specifically support its argument. However, both *Taborski* and *Price* held that a claim for attorneys' fees under § 362(h) is considered property of the estate. *Taborski,* 141 B.R. at 964; *Price,* 130 B.R. at 269–70. *See also United States v. McPeck,* 910 F.2d 509, 513 (8th Cir.1990) (Claim for attorney's fees under § 362(h) is property of the estate); *Solis,* 137 B.R. at 126 (Debtor's claim against IRS for violation of the automatic stay constitutes property of the estate.). Based on the established case law, the Court finds that in the case at bar, Appellees' claim for attorney's fees is property of the estate.

■ Finally, the IRS argues that § 362(h) does not apply to the United States. The IRS does not cite a single case to support its argument, and in light of the numerous cases discussed above which held the IRS accountable under § 362(h), the Court finds that § 362(h) applies to the IRS.

## CONCLUSION

For the above stated reasons, the Bankruptcy Court's Order awarding attorney's fees to Appellees for the IRS' willful violation of the automatic stay is **AFFIRMED.**