In re Newman JOHNSTON, III, Debtor.

David C. PROFILET, Trustee, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 93–10725–BKC–AJC.
Adv. No. 93–0917–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Dec. 13, 1993.

Ellen Sue Venzer, Profilet & Venzer, P.A., Miami, FL, for trustee.

Kendall B. Coffey, U.S. Atty., Miami, FL, Mark Stier, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

Ellen S. Farry, Denver, CO, for debtor.

## ORDER DENYING UNITED STATES' MOTION TO DISMISS ADVERSARY FOR LACK OF JURISDICTION

A. JAY CRISTOL, Chief Judge.

THIS CAUSE was heard October 27, 1993 at 11:00 upon the United States of America's Motion to Dismiss Adversary for Lack of Jurisdiction. The issue presented is whether Section 106(a) of the Bankruptcy Code, which waives the United States' sovereign immunity, is applicable to this case.

### FACTS

On September 28, 1992, the Debtor filed its bankruptcy petition. Thereafter, on or about July 12, 1993, the Debtor sent a check drawn on the Debtor in Possession account to the Internal Revenue Service (IRS) in the amount $39,956. This payment was neither authorized nor approved by the Court and was allegedly made with funds which were property of the estate.[1] The United States, Internal Revenue Service, was scheduled as an unsecured creditor holding a priority claim in an amount in excess of the $39,956 payment which was, presumably, applied towards a reduction of the Debtor's individual nondischargeable tax liability. The United States has not filed a proof of claim on official form 9 (or whatever the official claim form number was at the time of Debtor's filing). The claims bar date is January 3, 1994. On September 2, 1993, the Trustee filed this adversary proceeding to avoid and recover this payment from the IRS as an unauthorized postpetition transfer pursuant to 11 U.S.C. §§ 549 & 550.

### LEGAL ANALYSIS

The parties agree that the United States is a sovereign which is immune from suit, such as this adversary proceeding, unless sovereign immunity is waived. This obsolete and unfair doctrine came from the antiquated idea that kings, who were sovereigns, were directly descended from the deity and could do no wrong.

The history of the United States began with an effort to protect the governed from oppression by the government. We have come a long way with the enactment of the Federal Tort Claims Act, the enactment of waiver of sovereign immunity laws such as 11 U.S.C. § 106, the creation of the United States Court of Federal Claims, and other liberalization of the doctrine that "the king can do no wrong."

The Trustee argues that the United States' sovereign immunity has been waived pursuant to subsection (a) of 11 U.S.C. § 106.[2] The United States relies on two Supreme Court cases for its argument that § 106(a) is not applicable since it has not filed a "proof of claim". In *United States v. Nordic Village, Inc.*, — U.S. —, —, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992) (emphasis added), the Supreme Court made the following statement:

> [S]ubsections (a) and (b) [of 11 U.S.C. § 106 specify] that claims against the Gov-

---

1. The Debtor has breached his fiduciary duty as a chapter 11 Debtor in Possession by making an unauthorized payment to the IRS. The Court will deal with this improper conduct by separate order and hearing.

2. **§ 106. Waiver of sovereign immunity. [ (emphasis added) ]**

   (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence *out of which such governmental unit's claim arose.*

   (b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

   (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

   (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

   (2) a determination by the court of an issue arising under such a provision binds governmental units.

ernment will lie *only when the Government has filed a proof of claim*, and even then only as a setoff unless the claim is a compulsory counterclaim.

Likewise, in *Hoffman v. Connecticut Dept. of Income Maintenance*, 492 U.S. 96, 101, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76 (1989) (emphasis added), the Supreme Court made the following statement:

Neither § 106(a) nor § 106(b) provides a basis for petitioner's actions here, since respondents *did not file a claim* . . .

These cases only slightly support the position of the United States. The issue presented in both *Nordic Village* and *Hoffman* (as set forth in the first paragraph of both opinions) concerned the scope of subsection (c) of § 106 and not subsection (a) which is before this Court.[3] Thus, these cases are not controlling.

■ With regard to § 106(a) generally, some courts require a formal proof of claim,[4] others require at least an "informal" proof of claim (based upon the governmental units's acts),[5] and still others require the mere existence of a claim.[6] This Court does not interpret the language of § 106(a) (see footnote #2) to require that a governmental unit file a proof of claim, either formal or informal.[7] To the contrary, the language of § 106(a) indicates that the subsection may apply if the governmental unit has (or had) a claim regardless of whether a proof thereof has been filed. *Accord Gribben v. United States*, 158 B.R. 920 (S.D.N.Y.1993); *Boldman v. United States*, 148 B.R. 874 (Bankr.C.D.Ill.1993), aff'd, 157 B.R. 412 (C.D.Ill.1993); *Gower v.*

*Farmer's Home Adm. (In re Davis)*, 20 B.R. 519 (Bankr.M.D.Ga.1982).

Moreover, although an examination of the legislative history of § 106(a) is unnecessary since the language of § 106(a) is unambiguous, the legislative history supports this Court's interpretation of this section. As stated in *Davis*,

To inject into 11 U.S.C. § 106(a) a phrase such as "A governmental unit that files a proof of claim under section 501 of this title" would change the plain language of the statute. To so inject would be doing exactly what Congress rejected. The original version of 11 U.S.C. § 106 contained such words. The text of H.R. 8200, 95th Cong., 1st Sess., 324 (1977) and S. 2266, 95th Cong., 2nd Sess., 313 (1978) each show 11 U.S.C. § 106 to read as follows:

(a) A governmental unit *that files a proof of claim under section 501 of this title* is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

[* * *   * * *   * * *]

As finally adopted on November 6, 1978, section[ (a) ] remained exactly the same except the underscored portion was eliminated . . . What Congress rejected should not be injected.

20 B.R. at 521 (emphasis in original).

■ In this case, the Debtor owed the United States internal revenue taxes. A

---

3. *See Nordic Village*, —— U.S. at ——, 112 S.Ct. at 1013 ("This case presents a narrow question: Does § 106(c) of the Bankruptcy Code waive the sovereign immunity of the United States from an action seeking monetary recovery in bankruptcy?"); *Hoffman*, 492 U.S. at 98, 109 S.Ct. at 2820 ("The issue presented by this case is whether § 106(c) of the Bankruptcy Code, 11 U.S.C. § 106(c), authorizes a bankruptcy court to issue a money judgment against a State that has not filed a proof of claim in the bankruptcy proceeding.").

4. *See, e.g., Posey v. U.S. Dept. of Treasury—I.R.S.*, 156 B.R. 910, 919–20 (W.D.N.Y.1993).

5. *See e.g., Sullivan v. Town and Country Home Nursing Services, Inc.*, 963 F.2d 1146, 1153–54 (9th Cir.1991).

6. See, for example, the *Gribben, Boldman*, and *Gower* cases cited below.

7. The court in *Boldman v. United States*, 148 B.R. 874, 877 (Bankr.C.D.Ill.1993), summed up well this Court's thoughts on the "informal" proof of claim requirement when it stated that

[a]lthough a number of decisions involve situations where the courts have determined that the governmental unit has asserted an "informal" claim by reason of the actions it has taken in the bankruptcy case, in this Court's view that is again an unnecessary and impermissible expansion of the terms of the statute. All that is necessary is that the governmental unit possess a claim, not that it assert it in any fashion.

claim of the United States existed. Surely the United States does not argue that no claim exists and that it merely took $39,956 from a citizen. That type of conduct is prohibited by the Fifth Amendment to our constitution ("... nor shall be deprived of ... property, without due process of law; nor shall private property be taken for public use, without just compensation.") Moreover, when the United States accepted a check from the Debtor it did not receive the money as a gift. It accepted the money for payment of its existing claim.

The Bankruptcy Code states that if a claim exists, sovereign immunity disappears under § 106(a) and this is probably enough. However, the outcome of this case can also be justified under the line of cases that hold an informal claim sufficient. Is the United States more involved with this case when it voluntarily files a piece of paper with the court asking for money from the estate or when it voluntarily accepted a piece of paper from the Debtor (the Debtor's check) which piece of paper acknowledged the claim of the United States before any claim was filed? If the United States had merely kept this piece of paper (the check) in their possession or had returned it to the Debtor, then the sovereign immunity issue on this point would not have been at issue. But the United States took this piece of paper, which was in fact nothing more than a pre-approved authorization of the Debtor to pay the claim of the United States, presented it to the custodian of the Debtor's funds, and claimed the right to receive a sum certain of the Debtor's money (which request of the United States had been pre-approved by the Debtor when the check was issued). At the time of presentment, the United States filed its claim against the Debtor and, without question, waived its sovereign immunity under § 106(a).

If the presentment of the check for the payment by the United States does not constitute *filing* a claim within the meaning of § 106(a), then the existence of the tax claim against the Debtor and funds of the Debtor under the Court's control brought the United States into these proceedings and waived sovereign immunity under the mere existence of a claim doctrine that has wide acceptance throughout the United States. The argument of the United States is that it wishes to accept the benefits of dealing with the Debtor and the Court but not the burdens that go with the benefits. It is that type of arrogance and abuse of power by sovereigns that led to the Magna Carta, the creation of the United States and the enactment of the Bill of Rights. It will not be tolerated here. The remaining requirements of § 106(a) are not disputed and are satisfied by the facts of this case. Accordingly, it is

**ORDERED** that

1) the United States' Motion to Dismiss Adversary for Lack of Jurisdiction is denied since its sovereign immunity was waived pursuant to 11 U.S.C. § 106(a);

2) the United States shall file an answer within 30 days of the entry of this order; and

3) the pretrial conference is reset to February 9, 1994 at 9:30 AM, Claude Pepper Federal Bldg., 51 S.W. 1st Avenue, Courtroom 1410, Miami, Florida.

**DONE AND ORDERED.**