In re AER–AEROTRON, INC., Debtor.

AER–AEROTRON, INC., Plaintiff,

v.

TEXAS DEPARTMENT OF
TRANSPORTATION,
Defendant.

Bankruptcy No. 93–00048–5–ATS.
Adv. No. S–94–00020–AP.

United States Bankruptcy Court,
E.D. North Carolina.

Sept. 22, 1994.

E.D. Gaskins, Jr. and Robert H. Gourley, Jr., Raleigh, NC, for debtor.

Holmes P. Hardin, Interim Chapter 7 Trustee, Raleigh, NC.

Rodney D. Parrott and Katherine E. Kasten, Asst. Attys. Gen., State of Tex., Transp. Div., Austin, TX, for Texas Dept. of Transp.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion to dismiss filed by the defendant, Texas Department of Transportation ("DOT"). DOT alleges various reasons why this court does not have jurisdiction over this adversary proceeding, but the main issue is whether, under 11 U.S.C. § 106(a), DOT has waived its sovereign immunity by its conduct. The court concludes that DOT, by making postpetition demands for payment of a claim, did waive its sovereign immunity under § 106(a), and the motion to dismiss will be denied.

■ This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334(b), and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. Although this is a "non-core" matter under 28 U.S.C. § 157(b), § 1334(b) of that title states: "Notwithstanding any act of Congress that confers jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(c)(1) of title 28, in turn, states that the bankruptcy court may hear a non-core proceeding that is "otherwise related to a case under title 11. In such proceeding[s], the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge ... after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

Therefore, while this court's orders may be subject to de novo review, the court still has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(c)(1). Moreover, DOT's initial argument that the plaintiff must plead jurisdictional facts to invoke 28 U.S.C. § 1331 is without merit. As discussed above, this court has jurisdiction over matters related to a bankruptcy case pursuant to 28 U.S.C. § 1334 without reference to the "federal question" jurisdictional provision of 28 U.S.C. § 1331. Finally, DOT's claim that the plaintiff must exhaust Texas administrative remedies is correctly a prerequisite only to state court jurisdiction and thus does not affect the jurisdiction of this court.

This adversary proceeding was originally filed in January 1993 by the chapter 11 debtor in possession, Aer–Aerotron, Inc. ("Aerotron"). The court subsequently converted

the case to chapter 7 and the interim trustee has properly intervened as party plaintiff.

■ This proceeding involves a contract dispute between the debtor, Aerotron, and the defendant, DOT. Aerotron was to supply DOT with two-way radios and base stations to form a statewide radio network. DOT purported to terminate the contract and attempted to recover amounts it had already paid, as well as the cost of cover. Aerotron seeks to recover payment for goods accepted and not paid for, damages for wrongful termination, and compensation for excessive "warranty" labor allegedly occasioned by DOT's specifications and management.

The state of Texas DOT contends that sovereign immunity and the Eleventh Amendment of the Constitution make it insusceptible to this proceeding. The Bankruptcy Code addresses sovereign immunity in § 106 which provides in pertinent part that "[a] governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose." 11 U.S.C. § 106(a).

DOT contends that 11 U.S.C. § 106(a) does not apply to it because it never filed a proof of claim in the case, and thus has no "claim" to bring it within the purview of § 106(a). Aerotron contends that a formal proof of claim is unnecessary to trigger § 106(a) and that DOT waived its sovereign immunity by actions that informally asserted a claim.

"The weight of authority supports the conclusion ... that § 106(a) does not require a formal proof of claim...." *Official Committee of Unsecured Creditors of Operation Open City v. N.Y. State Department of State (In re Operation Open City)*, 170 B.R. 818, 823 (S.D.N.Y.1994). Courts differ in what they deem sufficient to constitute a "claim" sufficient to waive sovereign immunity under § 106(a). "With regard to § 106(a) generally, some courts require a formal proof of claim, others require at least an 'informal'

proof of claim (based upon the governmental unit's acts), and still others require the mere existence of a claim." *Profilet v. United States (In re Johnston)*, 163 B.R. 890, 892 (Bankr.S.D.Fla.1993) (footnotes omitted). The Fourth Circuit has not addressed the specific question of what will constitute a "claim" sufficient to trigger a § 106(a) waiver of immunity. *See Anderson v. FDIC*, 918 F.2d 1139, 1141 n. 1 (4th Cir.1990).

Although the mere existence of a claim has been found to be sufficient participation in the bankruptcy case to trigger the waiver of *federal* sovereign immunity,[1] the states have the added protection of the Eleventh Amendment. Since § 106 does not attempt to abrogate sovereign immunity, some affirmative conduct is required to waive a state government's Eleventh Amendment immunity. Many courts have found that a state's conduct in dealing with a debtor may constitute an informal proof of claim sufficient to waive all immunities. See *e.g., 995 Fifth Avenue Associates, L.P. v. New York Dept. of Taxation and Finance (In re 995 Fifth Avenue Associates, L.P.)*, 963 F.2d 503, 509 (2nd Cir.), *cert. denied* —— U.S. ——, 113 S.Ct. 395, 121 L.Ed.2d 302 (1992); *California State Board of Equalization v. Kupetz (In re Vanguard Mfg. Co.)*, 145 B.R. 644, 646–47 (Bankr. 9th Cir.1992).

■ It is generally held that "[f]or a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of the claim against the estate, and evidence and intent to hold the debtor liable." *Anderson–Walker Industries, Inc. v. Lafayette Metals, Inc. (In re Anderson–Walker Industries, Inc.)*, 798 F.2d 1285, 1287 (9th Cir.1986) (citation omitted). The court concludes that a state must make an affirmative demand, with full knowledge of the bankruptcy, in order to waive its immunities under § 106(a). The state of Texas has taken such affirmative action in this case.

The facts necessary to decide this motion to dismiss are not disputed by either party. A contract was formed between Aerotron

---

1. *See e.g., Boldman v. United States (In re Boldman)*, 148 B.R. 874, aff'd, 157 B.R. 412 (Bankr. C.D.Ill.1993); *Profilet v. United States (In re Johnston)*, 163 B.R. 890, 892 (Bankr.S.D.Fla. 1993).

and DOT on April 25, 1991. (Complaint at 3). Aerotron's letter dated September 9, 1993, summarized the patience Aerotron had exercised in dealing with DOT and informed DOT that due to the problems with this contract, Aerotron had been forced to file bankruptcy. (Complaint Ex. O). This September 9 letter reiterated earlier demands for payments long since due. *Id.* DOT responded with a letter dated October 21, 1993, referencing Aerotron's September 9 letter and terminating the contract. (Complaint Ex. P). DOT's letter further demanded that Aerotron cure alleged remaining problems within sixty days or refund $396,804, and informed Aerotron that the DOT intended to return all the radios it had previously accepted, but not paid for. *Id.*

Although DOT was not listed in Aerotron's schedules, it clearly did have notice of Aerotron's bankruptcy. There were two other postpetition letters from DOT containing unequivocal monetary demands. (Complaint Ex. L and M). While it is unclear precisely *when* DOT received notice, DOT repeated many of its earlier demands in reply to the September 9 letter that gave DOT unequivocal notice of Aerotron's bankruptcy. In its October 1993 letter, DOT made a monetary demand from a known bankruptcy debtor. One of the Bankruptcy Code's main purposes is to marshall the debtor's assets for an equitable distribution to all creditors. To allow the state of Texas to make demands upon this debtor while claiming immunity from adjudication of the contested areas of its demand would be inequitable to the debtor and its creditors.

Accordingly, the motion to dismiss is **DENIED**.

**SO ORDERED.**