In re AER–AEROTRON, INC., Debtor.

Holmes P. HARDEN, Trustee, Plaintiff,

v.

TEXAS DEPARTMENT OF
TRANSPORTATION,
Defendant.

Bankruptcy No. 93–00048–5–ATS.
Adv. No. S–94–00020–AP.

United States Bankruptcy Court,
E.D. North Carolina.

Jan. 20, 1995.

E.D. Gaskins, Jr. and Robert H. Gourley, Jr., Everette, Gaskins, Hancock & Stevens, Raleigh, NC, for debtor.

Rodney D. Parrott and Katherine E. Kasten, Asst. Attys. Gen., State of Texas Transp. Div., Austin, TX, for Texas Dept. of Transp.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Chief Judge.

The matter before the court is the supplemental motion to dismiss filed by the Texas Department of Transportation (DOT), the defendant in this adversary proceeding. A hearing was held, with DOT's attorney appearing by telephone conference call, on January 10, 1995, in Raleigh, North Carolina. DOT's motion will be denied.

This adversary proceeding instituted by AER–Aerotron, Inc., the chapter 11 debtor in possession, and now prosecuted by the chapter 7 trustee, Holmes P. Harden, is a noncore action to recover for various breach of contract claims alleged to have caused the debtor's insolvency. DOT contended that its sovereign immunity barred this court's jurisdiction and filed a motion to dismiss the case. In a previous opinion the court found that DOT's conduct constituted a waiver of sovereign immunity under 11 U.S.C. § 106(a), and the motion to dismiss was denied. *Aer–Aerotron, Inc. v. Texas Department of Transportation (In re Aer–Aerotron, Inc.),* 172 B.R. 202 (Bankr.E.D.N.C.1994). DOT appealed this ruling to the district court.

On October 22, 1994, President Clinton signed the Bankruptcy Reform Act of 1994 that became effective immediately and retroactively changed the prior law regarding the waiver of sovereign immunity. *See* 11 U.S.C. § 106 and §§ 113 and 702(b)(2)(B) of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4150. The district court remanded DOT's appeal to this court to reconsider the motion to dismiss in light of the changes made by the Bankruptcy Reform Act of 1994. *See* Aer–Aerotron, Inc. v. Texas Department of Transportation, No. 5:94–CIV–849 order (E.D.N.C. Nov. 22, 1994).

In general, the Bankruptcy Reform Act of 1994 limited the defense of sovereign immunity, abrogating a governmental unit's immunity with respect to numerous causes of ac-

tion arising under the Bankruptcy Code.[1] 11 U.S.C. § 106(a)(1). While the general thrust of the changes to § 106 was to *curtail* the defense of sovereign immunity,[2] in a limited way, the Reform Act also expanded the right of sovereign immunity by overruling prior law that held that the mere existence of a claim or a claim asserted through conduct could constitute the deemed waiver of sovereign immunity under former § 106(a). Aerotron concedes that the amendment restricts the waiver of sovereign immunity but contends that the amendment does not eliminate waiver where the sovereign has asserted a written informal proof of claim.

■ If an informal proof of claim is sufficient, then clearly DOT has waived its sovereign immunity. The Fourth Circuit has a very broad definition of what constitutes an informal proof of claim. The primary requirement is that there be sufficient notice given in the course of the bankruptcy case that a claim exists. *Davis v. Columbia Construction Co., Inc. (In re Davis)*, 936 F.2d 771 (4th Cir.1991).

In its prior opinion, the court found that DOT's conduct, in making an affirmative demand for payment upon a known bankruptcy debtor, was sufficient to constitute an informal proof of claim. This court found that after receiving notice of Aerotron's bankruptcy case, DOT had written a letter that indicated the amount and nature of DOT's claim and the intent to hold the debtor liable. The evidence is now even more compelling since DOT admits, in its brief on the supplemental motion to dismiss, that it was aware of the plaintiff's bankruptcy much earlier. The court now finds that DOT made four written demands with knowledge of the bankruptcy.

DOT learned of the bankruptcy on January 12, 1993, and made written demands on February 5, March 9, October 21, and December 1 of 1993. Def.'s Mem. in Supp. of Supplemental Mot. to Dismiss at 9, and *see* Ex. B–F of Pl.'s Mem. in Opp'n to Supplemental Mot. to Dismiss.

To constitute an informal proof of claim, a creditor must make an affirmative demand on a known bankruptcy debtor that states "an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *Aer–Aerotron, Inc. v. Texas Department of Transportation (In re Aer–Aerotron, Inc.)*, 172 B.R. 202 (Bankr.E.D.N.C.1994) (quoting *Anderson–Walker Industries, Inc. v. Lafayette Metals, Inc. (In re Anderson–Walker Industries, Inc.)*, 798 F.2d 1285, 1287 (9th Cir.1986). With the admission that DOT knew of Aerotron's bankruptcy in January of 1993, each of DOT's four demand letters meet the criteria for an informal claim. *See* Ex. B–F of Pl.'s Mem. in Opp'n to Supplemental Mot. to Dismiss. Thus, the real issue is whether a waiver of sovereign immunity pursuant to the new language of amended § 106(b) requires the sovereign to file a formal proof of claim with the court or whether sovereign immunity can also be waived by a written informal proof of claim.

Prior § 106(a) stated: "A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose."[3] Former

1. For example, under the new § 106(a)(1), there is no sovereign immunity for a violation of the automatic stay under § 362. In this case, DOT clearly violated the automatic stay by writing collection letters to the debtor after the filing of Aerotron's chapter 11 petition.

2. In keeping with the general policy of reducing sovereign immunity in bankruptcy cases, the legislative history for new § 106(c) specifies that monetary claims may now be recovered from governmental units, effectively overruling the Supreme Court's holdings in *Hoffman v. Conn. Dep't of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) and *United*

*States v. Nordic Village, Inc.*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

3. Significantly, the legislative history of the old § 106(a) shows that an earlier version of that section used the phrase "that files a proof of claim under section 501" following the initial "A governmental unit." H.R. 8200, 95th Cong., 1st Sess., 324 (1977) and S. 2266, 95th Cong., 2nd Sess., 313 (1978). This language was deleted in its entirety when the section was adopted (without other change) on November 6, 1978. *See Gower v. Farmer's Home Adm. (In re Davis)*, 20 B.R. 519 (Bankr.M.D.Ga.1982).

§ 106(a) was replaced by § 106(b), which reads:

A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. § 106(b) as amended by the Bankruptcy Reform Act of 1994. DOT contends that by replacing "any claim" with "filed a proof of claim in the case" in the new § 106(b), Congress intended to limit the deemed waiver of sovereign immunity to only those cases in which the governmental unit has filed a formal proof of claim with the bankruptcy court.

Ordinarily, filing a proof of claim would mean filing a proof of claim with the court, but the Bankruptcy Code and Rules do not always require this. For example, while Federal Rule of Bankruptcy Procedure 5005(a) provides that filing shall be with the clerk of court, in the interest of justice Federal Rule of Bankruptcy Procedure 5005(c) permits the court to deem filed with the clerk a document that is erroneously delivered to the trustee or certain others. Bankruptcy Code § 1107(a) provides that the debtor in possession shall generally have the rights and powers of a trustee in a chapter 11 case and thus a filing with the debtor in possession may be recognized as a filing with the trustee under Rule 5005(c). In this case, three of DOT's four demand letters were delivered to Aerotron when it was the chapter 11 debtor in possession. *See also, In re Franciscan Vineyards, Inc.,* 597 F.2d 181, 182–83 (9th Cir.1979) (per curiam), *cert. denied,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980) (interpreting the Note of the Advisory Committee on the Bankruptcy Rules to find that exception for "erroneous" filing in Rule 5005(c) is recognized regardless of any intent to file with the court).

█ A long line of case law prior to the 1994 amendments clearly recognized the validity of filing a written, informal proof of claim. *See e.g., Anderson–Walker Industries, Inc. v. Lafayette Metals, Inc. (In re Anderson–Walker Industries, Inc.),* 798 F.2d 1285 (9th Cir.1986) (citing numerous cases for the proposition that a document may constitute an informal proof of claim if it states explicit demands showing nature and amount of the claim against the estate and the intent to hold the debtor liable) and *In re Dietz,* 136 B.R. 459, 463–64 (Bankr.E.D.Mich. 1992) (listing requirement, among others, that informal proof of claim be in writing and noting that "the concept of an informal proof of claim has been consistently endorsed and applied by the courts since at least 1903.") (footnote omitted). While the amendments do restrict the finding of waiver under new § 106(b) to instances where the governmental unit has "filed a proof of claim in the case," there is nothing in the legislative history to indicate that the proof of claim referred to does not include the time honored written informal proof of claim, the elements of which are clearly defined and well established.

The only legislative history specifically on subsection (b) of the revised § 106 is as follows:

Section 106(b) is clarified by allowing a compulsory counterclaim to be asserted against a governmental unit only where such unit has actually filed a proof of claim in the bankruptcy case. This has the effect of overruling contrary case law, such as *Sullivan v. Town & Country [Home Nursing] Nursing Home Services, Inc.,* 963 F.2d 1146 (9th Cir.1992); *In re Gribben,* 158 B.R. 920 (S.D.N.Y.1993); and *In re the Craftsman, Inc.,* 163 B.R. 88 (Bankr. W.D.Tex. [1993] 1994) that interpreted section 106(a) of current law.

*Bankruptcy Reform Act of 1994—Section-By-Section Description;* 140 CONG.REC. H10744 (daily ed. Oct. 4, 1994). The cases listed as being specifically overruled by § 106(b) are those in which the mere existence of a claim was held enough to find waiver (*Craftsman* [4]) and those in which a governmental action, not including the sub-

---

4. The *Craftsman* case also involved a writing, but the holding of the case was that the mere existence of a claim constituted a waiver of sovereign immunity.

mission of a writing containing the elements of an informal claim, was found sufficient to waive sovereign immunity (*Town & Country* (self-help offset) and *Gribben* (setoff)).

More fundamentally, the purpose of § 106 and its amendments would be gravely disserved if the new § 106 is interpreted overbroadly. DOT has previously engaged in a pattern of written demands, with full knowledge of Aerotron's bankruptcy, that constitute both a violation of the stay, and a series of informal proofs of claim in this case. DOT should not now be allowed to elude adjudication of the contested areas of its prior claims by wrapping itself in the cloak of sovereign immunity that Congress has so recently attempted to restrict. This is contrary to the aims of the Bankruptcy Code as well as being inequitable. A governmental unit may not "have it both ways." *See Profilet v. United States (In re Johnston)*, 163 B.R. 890, 893 (Bankr.S.D.Fla.1993).

Therefore, the court concludes that while the 1994 amendments to § 106 of the Bankruptcy Code abrogate the waiver of immunity based solely on the mere existence of a governmental claim or based solely on governmental action not amounting to a written informal proof of claim, the amendments do not change the rule that a governmental unit's informal written proof of claim, stating the amount and nature of the claim and the intent to hold the debtor liable, and made with full knowledge of the bankruptcy, is sufficient to waive sovereign immunity. The fact that this informal proof of claim was filed with the debtor in possession, rather than the clerk of court, does not prevent it from being "filed ... in the case" under the new § 106(b).

Consequently, DOT's supplemental motion to dismiss this adversary proceeding is **DENIED.**

**SO ORDERED.**